781 A.2d 1167

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Donald TEDFORD, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 23, 2001.

Decided Oct. 18, 2001.

Billy H. Nolas, Philadelphia, for Donald M. Tedford.

Jonelle Louise Harter, York, Robert A. Graci, Harrisburg, for Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

NIGRO, Justice.

Appellant Donald Tedford appeals from the order of the Court of Common Pleas of Butler County denying his Petition for Relief Under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541 *et seq.* ("PCRA Petition") for being untimely. We agree with Appellant that the trial court erroneously determined that his PCRA Petition was untimely and therefore, remand this matter to the PCRA court to review the merits of the claims raised in Appellant's PCRA Petition.

On February 6, 1987, a jury convicted Appellant of the first-degree murder and rape of Jeanine Revak. Following a penalty hearing, the jury found two aggravating circumstances [1] and no mitigating circumstances, and accordingly, returned a sentence of death against Appellant. Appellant did not file timely post-trial motions. On March 20, 1987, the trial

---

1. The two aggravating circumstances found by the jury were that Appellant committed the killing while in the perpetration of a felony, 42 Pa.C.S. § 9711(d)(6), and Appellant had a significant history of felony convictions involving the use of violence against another person, 42 Pa.C.S. § 9711(d)(9).

court sentenced Appellant to death for the first-degree murder conviction and to a consecutive term of imprisonment of eight and one-half years to seventeen years for the rape conviction.

On April 27, 1987, Appellant filed post-verdict motions *nunc pro tunc.* The trial court appointed new counsel to represent Appellant and granted him leave to amend his post-verdict motions. Following an evidentiary hearing, the trial court denied Appellant's amended post-verdict motions. This Court affirmed Appellant's judgment of sentence on December 13, 1989. *See Commonwealth v. Tedford,* 523 Pa. 305, 567 A.2d 610 (1989).

Appellant filed a *pro se* PCRA Petition on July 12, 1995. On July 18, 1995, the PCRA court appointed counsel to represent Appellant and entered an order upon the Commonwealth to show cause for why a hearing on Appellant's *pro se* PCRA Petition should not be granted. Thereafter, the Commonwealth filed a "Petition for New Petition for Post Conviction Relief in Compliance with Pa.R.Crim.P., Rule 1502." On August 2, 1995, the PCRA court entered an order granting the Commonwealth's Petition, dismissing Appellant's *pro se* PCRA Petition without prejudice, and directing Appellant to file a new PCRA Petition with the assistance of counsel within thirty days.

Appellant subsequently sought several time extensions to file a new PCRA Petition, which the PCRA court granted on September 1, 1995, November 21, 1995, and December 17, 1996. On January 15, 1997, the day Appellant's last time extension was to expire, Appellant filed a "Petition for Habeas Corpus Relief under Article I, Section 14 of the Pennsylvania Constitution and for Post Conviction Relief under the Post Conviction Relief Act." On March 5, 1997, the PCRA court entered an order, in which it stated that it would consider Appellant's January 15th Petition solely as a PCRA Petition, and that it would not address Appellant's claim for habeas corpus relief because "the Petition [did] not set forth any allegations for habeas corpus relief nor [did] it include such relief in the Petition's prayer for relief."

On July 1, 1997, the Commonwealth filed an Answer to Appellant's PCRA Petition with a New Matter and Motion to Dismiss.[2] Appellant filed a Reply to the Commonwealth's Answer as well as a Motion for Discovery, in response to which the Commonwealth filed a Motion to Deny Discovery. On January 13, 1998, the PCRA court held a hearing concerning Appellant's discovery motion and later ordered Appellant's prior counsel to provide his files to Appellant. The Commonwealth subsequently renewed its Motion to Deny Discovery, and on July 16, 1999, the PCRA court not only granted the Commonwealth's Motion to Deny Discovery, but also notified Appellant of its intention to dismiss Appellant's PCRA Petition without a hearing. Appellant requested oral argument, which the PCRA court granted. On September 17, 1999, the date of oral argument, Appellant filed an Application for a Stay of Execution pursuant to Pennsylvania Rule of Criminal Procedure 1509.[3]

2. In its Motion to Dismiss, the Commonwealth claimed that Appellant failed to satisfy the requirements for a PCRA petition. Specifically, the Commonwealth alleged: that Appellant failed to include a signed certification of intended witnesses, as required by 42 Pa.C.S. § 9545(d)(1); that Appellant did not allege that each of his PCRA claims was not previously litigated or waived, as required by 42 Pa.C.S. § 9543(a)(3); that Appellant did not allege that his ineffective assistance of counsel claims had so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place, as required by 42 Pa.C.S. § 9543(a)(2)(ii); that Appellant failed to plead that the alleged constitutional violations so undermined the truth-determining process that no reliable adjudication of guilt or innocence had taken place, as required by 42 Pa.C.S. § 9543(a)(2)(i); that Appellant did not plead that exculpatory evidence, which was not available at the time of trial and which later became available, would have changed the outcome of the trial, as required by 42 Pa.C.S. § 9543(a)(2)(vi); that Appellant failed to plead that trial counsel's alleged failures were not based on a reasonable tactical decision, as required by 42 Pa.C.S. § 9543(a)(4); and that Appellant did not include with his petition affidavits or other evidence in support of his claims, as required by Pa.R.Crim.P. 1502(d).

3. Rule 1509(a)(1) was promulgated on September 1, 1999, and states as follows:

(A) Stays of Execution
(1) In a case in which the defendant has received a sentence of death, any request for a stay of execution should be made in the petition for post-conviction collateral relief.

On January 28, 2000, the PCRA court entered an order denying Appellant's PCRA Petition and Application for a Stay of Execution. The PCRA court determined *sua sponte* that Appellant's January 15, 1997 PCRA Petition was untimely because it was his second PCRA Petition and had not been filed within one year of December 13, 1989, the date his judgment became final. Furthermore, the PCRA court denied Appellant's Application for a Stay of Execution because Appellant did not include his Application in his PCRA Petition, as required by Pennsylvania Rule of Criminal Procedure 1509(a)(1). Appellant filed an unopposed Motion for Reconsideration of the PCRA court's order, but the PCRA court dismissed Appellant's Motion as moot based on its finding that it no longer had jurisdiction over the matter.

In his brief to this Court, Appellant raises multiple claims, the first of which is that the PCRA court erroneously found that the PCRA Petition filed on January 15, 1997 was an untimely second PCRA Petition. According to Appellant, the PCRA court improperly dismissed his *pro se* PCRA Petition because Pennsylvania Rules of Criminal Procedure 1504 and 1505 entitled Appellant to file an amended petition with the assistance of counsel.[4] Therefore, Appellant argues that the PCRA Petition filed on January 15, 1997 should be considered an extension of his *pro se* PCRA Petition, and as that Petition was filed before January 16, 1997, or within one year of the effective date of 42 Pa.C.S. § 9545, it was timely. We agree.

Pennsylvania Rule of Criminal Procedure 1505(b) provides as follows:

> When a petition for post-conviction collateral relief is defective as originally filed, the judge shall order amendment of the petition, indicate the nature of the defects, and specify the time within which an amended petition shall be filed.

Pa.R.Crim.P. 1509(a)(1). Rule 1509 is now Rule 909 pursuant to the renumbering and reorganization of the Rules of Criminal Procedure adopted on March 1, 2000.

**4.** Rules 1504 and 1505 have since been renumbered respectively as Rules 904 and 905.

Pa.R.Crim.P. 1505(b). Furthermore, the Rules of Criminal Procedure expressly mandate that an appellant shall be entitled to legal counsel when filing a PCRA petition. *See* Pa.R.Crim.P. 1504. Based on these rules, this Court has found that where an appellant files his first PCRA Petition without the assistance of counsel, the appellant shall be permitted to file an amended PCRA Petition with the assistance of counsel. *Commonwealth v. Priovolos,* 552 Pa. 364, 715 A.2d 420 (1998); *Commonwealth v. Duffey,* 551 Pa. 675, 713 A.2d 63 (1998).

On November 17, 1995, the General Assembly amended the requirements for when a PCRA Petition must be filed in order to be considered timely. Under the amendments, "[a]ny petition ... including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final," unless one of three exceptions listed in 42 Pa.C.S. § 9545(b)(1) applies.[5] A judgment of sentence becomes final once an appellant's means for direct review of a conviction, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, have concluded or the time limits for seeking a direct appeal have expired. 42 Pa.C.S. § 9545(b)(3). However, where an appellant's judgment became final on or before the effective date of the amendments, January 16, 1996, the appellant shall be deemed to have filed a timely petition if the appellant's *first* petition is filed within one year of that effective date, i.e., by January 16,

---

**5.** In order to litigate a PCRA petition filed over a year after the appellant's judgment of sentence becomes final, an appellant must plead and prove one of the following three exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, an appellant who invokes one of these exceptions must file his claim "within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2).

1997. Act of November 17, 1995, P.L. 1118, No. 32 (Spec.Sess. No. 1), § 3(1).

■ Here, after Appellant filed his *pro se* PCRA Petition on July 12, 1995, the PCRA court appointed counsel to assist Appellant. However, the PCRA court subsequently entered an order dismissing the *pro se* PCRA Petition without prejudice and directing Appellant to file a new PCRA Petition in thirty days. As the Commonwealth concedes, the PCRA court erred by dismissing Appellant's *pro se* PCRA Petition rather than directing Appellant to file an amended petition with legal assistance, as Pennsylvania Rule of Criminal Procedure 1505(b) clearly mandates. *See* Pa.R.Crim.P. 1505(b); *Priovolos*, 715 A.2d at 421–22; *Duffey*, 713 A.2d at 70.

Accordingly, as the PCRA court should have allowed Appellant to amend his *pro se* PCRA Petition filed on July 12, 1995, we find that the PCRA Petition filed by Appellant on January 16, 1996, with the assistance of counsel and within the time extensions granted by the PCRA court, should effectively be treated as Appellant's amended first PCRA Petition.[6] Furthermore, since Appellant's sentence became final on December 13, 1989, well before the effective date of the PCRA amendments, Appellant's amended PCRA Petition was clearly on time because it was originally filed within a year of the effective date of the amendments, January 17, 1996. *See* Act of November 17, 1995, P.L. 1118, No. 32 (Spec.Sess. No. 1), § 3(1). We therefore reverse the PCRA court's order denying Appellant's PCRA Petition as untimely and remand this case to the PCRA court to consider the merits of the claims raised by Appellant in his PCRA Petition. *See Duffey*, 713 A.2d at 70.[7] Jurisdiction relinquished.

6. We note that we agree with Appellant that an amended petition is merely an extension of an existing petition rather than a new and distinct petition.

7. Given our disposition of this claim, we need not address the additional claims raised in Appellant's brief. *See Terminato v. Pennsylvania National Insurance Co.*, 538 Pa. 60, 645 A.2d 1287, 1291 (1994). Additionally, Appellant does not challenge the trial court's denial of his application for a stay of his execution. *See* 42 Pa.C.S. § 9544 (an issue is waived if the petitioner could have raised it but fails to do so).