J-S60012-15
J-S60013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| IVORY KING | |
| Appellant | No. 3323 EDA 2014 |

Appeal from the PCRA Order November 7, 2014
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0003727-1978

\*\*\*\*\*

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN LEKKA | |
| Appellant | No. 3333 EDA 2014 |

Appeal from the PCRA Order November 7, 2014
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0001295-1978

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

CONCURRING AND DISSENTING MEMORANDUM BY LAZARUS, J.:

**FILED MARCH 23, 2016**

I concur. I believe that we should follow the procedure established by our Pennsylvania Supreme Court, in its *per curiam* orders,[1] to dispose of currently pending PCRA petitions raising the **Miller** issue that were filed prior to the **Montgomery** decision.[2] Specifically, the orders denying PCRA relief

---

[1] Although we have chosen to follow the procedure annunciated in our Supreme Court's *per curiam* orders, we are cognizant of our Court's decision, **Commonwealth v. Secreti**, 2016 PA Super 28 (Pa. Super. filed Feb. 9, 2016), that applied **Montgomery** to cases currently on collateral appeal, like the instant case. Specifically, in **Secreti**, our Court held that the **Miller** rule of law "has been held" to be retroactive for purposes of collateral review as of the date of the **Miller** decision on June 25, 2012. Moreover, the Court held that the date of the **Montgomery** decision would control for purposes of the 60-day rule in section 9545(b)(2)(iii). Ultimately, the Court reversed the PCRA court's order denying defendant relief, vacated defendant's judgment of sentence, and remanded for resentencing. We find the procedure advanced in the Supreme Court's orders more aligned with its established procedures. **See Commonwealth v. Cabeza**, 469 A.2d 146 (Pa. 1983) (while appellate courts typically apply law in effect at time of appellate decision, principle applies in direct appeal context, not to cases on collateral appeal); **Commonwealth v. Abdul-Salaam**, 812 A.2d 497 (Pa. 2002) (holding that "[an] action has already occurred, i.e., 'that court' has already held the new constitutional right to be retroactive to cases on collateral review[;]" in writing section 9545(b)(2)(iii), legislature clearly intended the right was already recognized and held to be retroactive at time petition was filed); **Commonwealth v. Lark**, 746 A.2d 585 (Pa. 2000) (holding that second appeal cannot be taken when another proceeding of the same type is already pending; subsequent PCRA petition must be filed within 60 days of date of order which finally resolves the previous PCRA petition because this is first "date the claim could have been presented.").

[2] In an attempt to permit *nunc pro tunc* amendment of these pending petitions so that petitioners can take advantage of the **Montgomery** ruling, the Supreme Court specifically ordered that:

> [t]o the extent necessary, leave is to be granted to amend the post-conviction petition to assert the jurisdictional provision of the Post Conviction Relief Act extending to the recognition of

*(Footnote Continued Next Page)*

in those cases should be reversed and the cases remanded to permit amendment of those petitions to allege the section 9545(b)(1)(iii) exception in light of **Montgomery**.[3]

(Footnote Continued) ———————

> constitutional rights by the Supreme Court of the United States which it deems to be retroactive. **See** 42 Pa.C.S. § 9545(b)(1)(iii).

**See Commonwealth v. Jones, Jr.**, No. 947 MAL 2015 (per curiam order) (Pa. filed Feb. 12, 2016); **Commonwealth v. Buli**, 876 MAL 2015 (per curiam order) (Pa. filed Feb. 12, 2016); **Commonwealth v. Christina**, 183 WAL 2015 (Pa. filed Feb. 11, 2016); **Commonwealth v. Phelps**, 678 MAL 2015 (Pa. filed Feb. 11, 2016).

[3] I also write separately to highlight the fact that the recent decision by the United States Supreme Court, **Montgomery v. Louisiana**, No. 14-280, 2016 U.S. LEXIS 862 at *---- (U.S. Jan. 25, 2016), has resulted in an unprecedented situation. Appellants requesting collateral relief pursuant to **Miller v. Alabama**, 132 S.Ct. 2455 (2012), have been denied collateral relief on the grounds that our Pennsylvania Supreme Court had decided that **Miller** was not to be applied retroactively. **See Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013). Had **Montgomery** been the law at the time the petition was filed, however, that petitioner would have been entitled to collateral relief.

    While our appellate courts typically apply the law in effect at the time of the appellate decision, this principle applies in the direct appeal context, not to cases on collateral appeal. **See Cabeza**, **supra**. In the context of untimely PCRA petitions invoking the newly-recognized constitutional right exception set forth in 42 Pa.C.S. § 9545(b)(1)(iii),[3] our Supreme Court determined that the language "has been held by that court to apply retroactively" means that:

> [T]he action has already occurred, i.e., "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended *that the right was already recognized [and held to be retroactive] at the time the petition was filed*.

(Footnote Continued Next Page)

*(Footnote Continued)* ——————————

**Abdul-Salaam**, **supra** at 501 (emphasis added).  Therefore, any petitions raising **Miller**, which were filed prior to Montgomery, should not be able to take advantage of the **Montgomery** holding while those petitions are on collateral appeal.

I believe that the best way for these PCRA petitioners to take advantage of the **Montgomery** ruling, which is in line with established Supreme Court case law, is to affirm the denial of the current PCRA petition on collateral review and direct the appellant to file a subsequent PCRA petition, raising the claim, within 60 days of the date that our appellate court rules upon the current collateral appeal.  Because of the strictures imposed by **Cabeza** and **Abdul-Salaam**, this is technically the first "date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).

This procedure was advanced in **Lark**, **supra**, where a petitioner sought to remand his collateral appeal to the trial court for an evidentiary hearing in order to raise new grounds for collateral relief.  Acknowledging that "a second appeal cannot be taken when another proceeding of the same type is already pending," **id.** at 588, the Court held:

> [W]hen an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review.  If the subsequent petition is not filed within one year of the date when the judgment became final, then the petitioner must plead and prove that one of the three exceptions to the time bar under 42 Pa.C.S. § 9545(b)(1) applies.  **The subsequent petition must also be filed within 60 days of the date of the order which finally resolves the previous PCRA petition, because this is the first "*date the claim could have been presented*."**  42 Pa.C.S. § 9545(b)(2).

**Id.**
In employing this practice, petitioners and PCRA courts must be mindful of the 60-day window within which to take advantage of the **Montgomery** decision.  Such time-sensitivity is critical in order for the court to have jurisdiction to retroactively apply the substantive rule of constitutional law espoused in **Miller** where juvenile homicide offenders shall be considered for parole.[3]
*(Footnote Continued Next Page)*

*(Footnote Continued)* ────────────

Moreover, because an amended petition is merely an extension of an existing petition rather than a new and distinct petition, ***Commonwealth v. Tedford***, 781 A.2d 1167, 1171 n.6 (Pa. 2001), these newly amended petitions sent back to incorporate ***Montgomery*** are still considered filed prior to the date of the ***Montgomery*** decision in violation of ***Lark*** and the clear language of section 9545(b)(1)(iii).  I also do not believe that ***Montgomery*** effectively post-dates ***Miller*** so as to transform these petitions into ones where "the right was already recognized [and held to be retroactive] at the time the petition was filed."

For these reasons, I believe that the procedure that conforms most with established case law is to uniformly treat the petitions under the dictates of ***Lark***.  That would entail affirming the denial of the current untimely petition and having the petitioner file a new petition, within 60 days of our disposition, raising ***Montgomery*** as it applies under section 9545(b)(1)(iii).