J-S75021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARK LAWRENCE | |
| Appellant | No. 325 EDA 2016 |

Appeal from the PCRA Order January 15, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1100511-1997

BEFORE:  BOWES, J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.:                    **FILED NOVEMBER 23, 2016**

Mark Lawrence appeals from the January 15, 2016 order of the Court of Common Pleas of Philadelphia County denying his petition for relief filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

On August 16, 2002, a jury convicted Lawrence of possession of a controlled substance with intent to deliver ("PWID")[1] and carrying a firearm without a license.[2]  On October 1, 2002, the trial court sentenced Lawrence to a term of three to six years' imprisonment on the PWID conviction and one to two years' imprisonment followed by three years' probation on the

_____

[1] 35 Pa.C.S. § 780-113(a)(30).

[2] 18 Pa.C.S. § 6106.

conviction for carrying a firearm without a license, to be served consecutively.[3] On November 4, 2002, Lawrence filed a notice of appeal with the Superior Court, which was dismissed for failure to file a brief. On February 12, 2004, Lawrence filed a *pro se* PCRA petition seeking reinstatement of his appellate rights *nunc pro tunc*. This Court reinstated his appellate rights on August 18, 2004. On July 28, 2005, this Court affirmed Lawrence's judgment of sentence. Lawrence timely appealed to the Supreme Court of Pennsylvania, which denied his petition for allowance of appeal on December 28, 2005.

On February 7, 2006, Lawrence filed a PCRA petition and voluntarily waived his right to counsel. The trial court granted him leave to file a *pro se* amended petition, which he filed on April 10, 2007. The trial court dismissed Lawrence's petition and, on October 28, 2008, this Court affirmed. Lawrence did not seek review in the Supreme Court of Pennsylvania.

_____

[3] Lawrence has pled and proved that he is "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S. § 9543(a)(1)(i). In his amended PCRA petition, filed March 22, 2015, Lawrence alleged that he was then "currently serving his aggregate sentence of 4 to 8 years of incarceration followed by 3 years of probation at SCI – Waymart." Amended Pet. ¶ 9. Further, in his brief, filed June 3, 2016, Lawrence states that he is currently serving that same sentence. Lawrence's Br. at 6. That Lawrence is currently serving a 4-to-8-year sentence followed by 3 years of probation, though it was imposed in 2002, may be explained by his service of a federal sentence in the interim. See Lawrence PCRA Pet., 12/20/2013, at 1 (stating that "Petitioner [was then] currently incarcerated at FCI Otisville federal prison.").

On December 20, 2013, Lawrence filed his second *pro se* PCRA petition, asserting that the trial court imposed an illegal sentence under **Alleyne v. United States**, 133 S.Ct. 2151 (2013). The PCRA court appointed counsel, who filed an amended PCRA petition on March 22, 2015. In the amended PCRA petition, Lawrence added another claim based upon newly discovered facts – a July 29, 2014 federal indictment of one of the officers involved in his arrest.[4]

On January 15, 2016, the PCRA court dismissed the petition as untimely. On January 20, 2016, Lawrence filed a timely notice of appeal. The PCRA court did not order Lawrence to file a Pennsylvania Rule of Appellate Procedure 1925(b) statement. Lawrence raises the following issue on appeal:

> Did the PCRA [c]ourt err when it dismissed [Lawrence]'s petition (and amended petition) for relief under the PCRA as untimely?

Lawrence's Br. at 4.

It is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite." **Commonwealth v. Brown**, 111 A.3d 171, 175 (Pa.Super. 2015). A PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes

---

[4] The docket shows that counsel filed a supplement to the amended PCRA petition on April 3, 2015, but it is not included in the original record. Lawrence filed a *pro se* amended petition on August 3, 2015 supplementing his **Alleyne** claim.

final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking [] review." 42 Pa.C.S. § 9545(b)(3).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence became final only if the petitioner alleges and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii); *see Brown*, 111 A.3d at 175. In addition, when invoking an exception to the PCRA time-bar, the petition must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Lawrence's judgment of sentence became final on March 28, 2006, when the time to seek review in the Supreme Court of the United States

expired.[5]  He had one year from that date, that is, until March 28, 2007, to file a timely PCRA petition.  His current petition, therefore, filed on December 30, 2013, and amended on March 22, 2015, is facially untimely.

Lawrence's petition remains untimely unless it alleges and proves a PCRA time-bar exception.  In an effort to meet that requirement, Lawrence raises a claim pursuant to *Alleyne* and a claim of newly discovered facts, *i.e.*, the indictment of an officer involved in his arrest.

As to *Alleyne*, although Lawrence raised this claim in his PCRA petition, he waived it by not including it in the "Argument" section of his brief.  *See Commonwealth v. LaCava*, 666 A.2d 221, 228 n.9 (Pa. 1995).  Even if he had not waived his *Alleyne* claim, it fails.  *See Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016) (holding that *Alleyne* does not apply retroactively to collateral attacks on mandatory minimum sentences).

As to his claim that he discovered new facts – the 2014 indictment – more than one year after his judgment of sentence became final, Lawrence must show that: (1) "the facts upon which the claim was predicated were unknown" and (2) the facts "could not have been ascertained by the

---

[5] Lawrence had 90 days from the date the Supreme Court of Pennsylvania denied his petition for allowance of appeal to file a petition for a *writ of certiorari* with the Supreme Court of the United States. *See* U.S. S. Ct. R. 13.

exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii); ***Commonwealth v. Bennet***, 930 A.2d 1264, 1272 (Pa. 2007). This "new-facts" exception does not require us to analyze the merits of the case or the underlying "after-discovered evidence claim." ***Brown***, 111 A.3d at 177. "Once jurisdiction has been established, a PCRA petitioner can present a substantive after-discovered-evidence claim." ***Id.*** at 176.

Lawrence alleges that he first learned of the indictment through news articles published while he was incarcerated in a federal correctional institution outside Pennsylvania. Amended PCRA Pet. ¶ 69. Lawrence further alleges that he could not have discovered these facts by the exercise of due diligence. ***Id.*** ¶ 70. In his appellate brief, he notes that the information contained in the indictment, as well as the underlying investigation, was kept confidential until July 29, 2014, the date the indictment was filed. Lawrence's Br. at 16. Notably, neither Lawrence's petition nor his brief provides the date on which he discovered the news articles about the indictment.

Lawrence contends that he meets the 60-day requirement based on the filing of his December 20, 2013 petition, which he subsequently amended on March 22, 2015. Relying on ***Commonwealth v. Tedford***, 781 A.2d 1167 (Pa. 2001), he argues as follows: The counseled amended petition, which added the "new facts" claim, should be treated as an extension of the December 20, 2013 *pro se* petition, Lawrence's Br. at 23-24; and because "the *pro se* petition was filed less than 60 days after the

public disclosure of new evidence contained in the indictment – in fact the *pro se* petition was filed **before** the indictment was filed – it is timely," *id.* at 24 (emphasis added). We disagree.

Lawrence's reliance on **Tedford** is misplaced. There the petitioner, unlike Lawrence, had timely filed his original *pro se* petition and our Supreme Court held that the amended counseled petition, filed later, was therefore timely as well. **Tedford**, 781 A.2d at 1170-71. Lawrence's December 20, 2013 *pro se* petition, in contrast, was untimely because it was filed more than seven years after his judgment became final, and so cannot be used to save a later untimely amended petition.

Moreover, Lawrence's *pro se* petition cannot serve to meet the "new facts" exception to the one-year time bar, since it neither invoked that exception nor alleged any new facts, and plainly did not (and could not) reference the 2014 indictment. The first time Lawrence raised the "new facts" was in his March 22, 2015 amended petition, which was filed more than seven months after the indictment had been made public.

To fit within the "new facts" exception to the PCRA time bar, Lawrence needed to file a petition (whether amended or otherwise) identifying those new facts "within 60 days of the date **the claim** could have been presented." 42 Pa.C.S § 9545(b)(2) (emphasis added). Because Lawrence has not alleged the date on which he learned of the indictment, it is difficult to identify with precision the date from which the 60 days should run. Nonetheless, because Lawrence concedes that the indictment was publicly

announced in July 2014, and because he does not claim that the March 22, 2015 amended petition was filed within 60 days of his discovery of the indictment, the amended petition is plainly untimely.[6]   As a result, we lack jurisdiction to reach the merits of this claim.

Even if we had jurisdiction to reach the merits, Lawrence's claim fails. Assuming the indictment constitutes a "new fact" under the PCRA time-bar exception, his substantive after-discovered evidence claim lacks merit.   To obtain relief a petitioner must establish that: "(1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict."   *Commonwealth v. Washington*, 927 A.2d 586, 595-96 (Pa. 2007).

Lawrence's claim fails both because the indictment is not evidence and because the allegations contained in the indictment are not relevant to his case.   This Court recently rejected a similar claim in *Commonwealth v. Griffin*, 137 A.3d 605 (Pa.Super. 2016).   As this Court explained in *Griffin*, the allegations contained in an indictment are mere accusations by a grand

---

[6] Using the date of the indictment as the start of the 60-day period, Lawrence had until Monday, September 29, 2014 to file a timely PCRA petition alleging the "new facts" exception.   1 Pa.C.S. § 1908 (when last day of time period "fall[s] on Saturday or Sunday, . . . such day shall be omitted from the computation").

jury, not evidence of guilt. ***Id.*** at 609. Further, the allegations in the indictment relied on by Lawrence have no connection to the charges on which he was convicted. Lawrence's case was not identified in the indictment, and the acts alleged in the indictment did not occur until 2006, nine years after Lawrence's arrest.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/23/2016