J-S51013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
:            PENNSYLVANIA
:
v.                            :
:
:
LARRY RUSH                  :
:
Appellant       :   No. 2020 EDA 2017

Appeal from the PCRA Order May 17, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0611761-1987

BEFORE:  DUBOW, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:          **FILED NOVEMBER 27, 2018**

Appellant, Larry Rush, appeals from the May 17, 2017 Order entered in the Philadelphia County Court of Common Pleas dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The relevant underlying facts and procedural history are, briefly, as follows.  At approximately 12:30 PM on May 4, 1987, Appellant entered Fireside Book Store on Germantown Avenue in Philadelphia.  Edna Nitterauer was working that afternoon, and she offered to assist Appellant in locating a book.  Nitterauer located a book of interest to Appellant and handed it to him. After he thumbed through it, he returned it to the shelf.  Appellant then inquired about another book.  As he and Nitterauer walked through the store to locate it, he suddenly pulled out a knife and began to stab Nitterauer. Appellant stabbed Nitterauer eight times in her hand and on the upper part of

both of her arms before slamming her onto the bathroom floor. Eventually, Appellant left the store.

Shortly after the attack, Nitterauer provided Philadelphia Police Detective John Bell with a physical description of Appellant. She also told Detective Bell the name and location of the book Appellant had handled while in Fireside Book Store. Detective Bell located the book, and Detective Martin Oczki developed two latent fingerprint impressions, placed them onto a card, and turned the card over to Detective Bell.[1]

Eight days after the attack, Nitterauer identified Appellant as her attacker when she selected Appellant's photograph from a photo array of eight black males.

At the time of the stabbing, John Roman was working at a gas station two doors away from Fireside Book Store. He was sitting in front of the service bay area and saw a rescue vehicle pull up and block a driveway. Shortly thereafter, he saw Appellant come out of the driveway and walk up the street, right in front of him. Roman pointed out Appellant's odd demeanor to his coworkers. Roman reported what he saw to police who were at the scene, provided a description of Appellant, and, later, identified Appellant in a photo array.

_____

[1] Joseph Brown, an F.B.I. Certified Fingerprint Specialist, examined the fingerprint card. He determined that one of the latent fingerprint impressions on the card from the book matched Appellant's right ring finger. He identified at least 25 matched points between the fingerprints lifted from the book and Appellant's fingerprint.

On February 19, 1988, a jury convicted Appellant of Aggravated Assault and PIC. On appeal, however, the Pennsylvania Supreme Court vacated Appellant's Judgment of Sentence and remanded for a new trial. **See Commonwealth v. Rush**, 605 A.2d 792 (Pa. 1992).

On December 15, 1992, a jury again convicted Appellant of Aggravated Assault and PIC. The trial court sentenced Appellant to an aggregate term of 12½ to 25 years' incarceration. Appellant did not file a direct appeal from his Judgment of Sentence.

On January 14, 1997, Appellant filed a *pro se* PCRA Petition.[2] Inexplicably, the PCRA court took no action on Appellant's petition and failed to appoint Appellant counsel for over fifteen years. Finally, on April 4, 2012, the PCRA court appointed counsel. Appellant filed a Motion to proceed without counsel on June 11, 2012. On September 10, 2012, the PCRA court held a **Grazier**[3] hearing, after which it granted Appellant's Motion.

On October 11, 2012, Appellant filed a Motion for discovery. On January 25, 2013, the Commonwealth provided Appellant with discovery including documents generated by the police such as copies of the relevant 75-48

---

[2] Appellant's *pro se* Petition was timely because he filed it within one year of the effective date of the 1995 amendments to the PCRA. **See Commonwealth v. Tedford**, 781 A.2d 1167, 1171 (Pa. 2001) ("[W]here an appellant's judgment [of sentence] became final on or before the effective date of the amendments, January 16, 1996, the appellant shall be deemed to have filed a timely petition if the appellant's *first* petition is filed within one year of that effective date, *i.e.*, by January 16, 1997.").

[3] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

- 3 -

incident reports, the 75-49 investigation reports, search warrants, Appellant's arrest warrant and arrest report, as well as the criminal complaint, and the notes of testimony.

On January 27, 2014, Appellant filed a *pro se* Amended PCRA Petition, in which he alleged that his trial counsel was ineffective for failing to personally interview Appellant before trial, for failing to interview any witnesses, and for failing to hire an investigator or to personally conduct any investigation into his case. Amended PCRA Petition, 1/27/14, at 27-28. He also claimed that his conviction was the result of police and prosecutorial misconduct, which included the falsification of evidence and police investigation reports, as well as the alleged suppression of Nitterauer's original statement to police. *Id.* at 43-59.

On March 3, 2014, Appellant filed motions seeking funds to hire an investigator, an "identification" expert, and fingerprint expert.

On January 5, 2015, the Commonwealth filed a Motion to Dismiss Appellant's Amended Petition. Appellant filed a response on February 27, 2015.

On August 12, 2015, Appellant filed a Motion for Recusal. Appellant alleged in his Motion that the PCRA court's failure to compel the Commonwealth to produce the "statements of Edna Nitterauer, John Roman and Frank Schatz, as well as the Report of Martin Oczki, concerning latent fingerprints" was the result of the court's "mind-set of impartiality, prejudice, bias, or ill will" towards Appellant. Motion, 8/12/15, at 10. Appellant accused

the court of "sanction[ing] the suppression of exculpatory evidence." *Id.* at 11.

On May 24, 2016, the PCRA court issued a Notice of Intent to Dismiss Appellant's PCRA Petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant did not file a response to the court's Rule 907 Notice. On May 17, 2017, the PCRA court dismissed Appellant's Petition.[4]

Appellant filed a timely *pro se* appeal. Appellant complied with Pa.R.A.P. 1925. In his Rule 1925(b) Statement, Appellant challenged the PCRA court's denial of Appellant's request for funds to hire an investigator, an identification expert, and a fingerprint expert; the PCRA court's refusal to recuse itself; and its failure to hold a hearing on the issues Appellant raised in his Amended PCRA Petition. Rule 1925(b) Statement, 7/24/17, at 1-2.[5] Notably, Appellant did not challenge the court's conclusion that his ineffective assistance of counsel claim lacked substantive merit.

Appellant raises the following issues in his *pro se* Brief, which we have reordered for ease of disposition:

1. Whether the PCRA court erred in denying Appellant funds to hire an investigator, an identification expert, and a fingerprint expert; thereby depriving Appellant of the opportunity to locate and present a critical government witness [who] would have help[ed] Appellant establish an alibi during the time of the

---

[4] Although not clear from the lower court docket, it is undisputed that the PCRA court denied all of Appellant's outstanding motions when it dismissed his PCRA Petition.

[5] The PCRA court filed a Rule 1925(a) Opinion on 11/27/17.

crime; depriving Appellant of the opportunity to present expert testimony concerning the impropriety surrounding the facts and circumstances of Appellant's case as it relates to the identification of Appellant as the perpetrator of the crime, and deprived Appellant of the opportunity to present expert testimony concerning the impropriety surrounding the facts and circumstances of Appellant's case as it relates to the planting of Appellant's fingerprint on a medical book: all of which denied Appellant due process and equal protection of the law as guaranteed by the United States and Pennsylvania Constitution[s?]

2. Whether the PCRA court erred in refusing to recuse itself in light of Appellant's August 12, 2015 recusal motion, wherein Appellant delineated the PCRA court's partiality, prejudice, and bias, and in failing to do so, it deprived Appellant of a full, fair, and adequate collateral review; in violation of Appellant's rights under the Due Process Clause[?]

3. Whether the PCRA court erred in summarily dismissing Appellant's PCRA Petition, wherein the Petition presented genuine issues of material fact, without an evidentiary hearing; thereby depriving Appellant of the opportunity to substantiate his substantial claims[?]

Appellant's Brief at 6-7.

**Standard/Scope of Review**

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if the record supports them. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

To be eligible for relief pursuant to the PCRA, Appellant must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2): a constitutional violation; ineffective assistance of counsel; an unlawfully induced plea; improper obstruction by governmental officials; where exculpatory evidence has been discovered; an illegal sentence has been imposed; or the tribunal conducting the proceeding lacked jurisdiction. **See** 42 Pa.C.S. § 9543(a)(2)(i)-(viii). Appellant must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3).

**Issues on Appeal**

In his first issue, Appellant claims the PCRA court erred in denying him funds to hire various investigators and expert witnesses. Appellant's Brief at 6. Appellant has not, however, set forth any argument in support of this claim. It is, thus, waived. **See** Pa.R.A.P. 2119 (regarding required content of developed argument); **Commonwealth v. Clayton**, 816 A.2d 217, 221 (Pa. 2002) ("[I]t is a well settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal.").

Appellant's status as a *pro se* litigant does not relieve him "of his duty to properly raise and develop his appealable claims." **First Union Mortg. Corp. v. Frempong**, 744 A.2d 327, 337 (Pa. Super. 1999). "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." **Wilkins v. Marsico**,

903 A.2d 1281, 1284–85 (Pa. Super. 2006). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Coulter v. Ramsden*, 94 A.3d 1080, 1088 (Pa. Super. 2014); *accord* *Commonwealth v. Blakeney*, 108 A.3d 739, 767 (Pa. 2014). Because Appellant has failed to support this issue with any argument or citation to legal authority, we find this claim to be waived.[6]

In his second issue, Appellant claims that the PCRA court erred in denying his Motion for Recusal. Appellant's Brief at 27. He avers that the court was biased against him when it sanctioned the Commonwealth's "suppression of helpful documental [*sic*] evidence" and "refused to hold an *ex parte* hearing with Appellant ONLY" on Appellant's "*Ex Parte* Motion for Expenses." *Id.* at 29-30 (emphasis in original). He further asserts that the court was required to recuse because it "created at least the appearance that [it] had prejudged the merits of Appellant's claims" when it "[took] the Commonwealth's deposition at the July 16, 2015 status hearing for funds, especially in light of the fact that the Commonwealth was not even supposed to be at such hearing[.]" *Id.* at 32.

We review the denial of a motion for recusal for an abuse of discretion. *Commonwealth v. Druce*, 848 A.2d 104, 108 (Pa. 2004).

_____

[6] To the extent that Appellant argues the merits of the ineffectiveness of counsel claims he raised in his Amended PCRA Petition, we find that Appellant has failed to preserve them for appeal because he did not raise them in his Rule 1925(b) Statement. *See Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) ("Any issues not raised in a Pa.R.A.P. 1925(b) [S]tatement, will be deemed waived.") (citation omitted).

We presume "judges of this Commonwealth are 'honorable, fair and competent,' and, when confronted with a recusal demand, have the ability to determine whether they can rule impartially and without prejudice." ***Commonwealth v. Kearney***, 92 A.3d 51, 60 (Pa. Super. 2014) (quoting ***Druce***, 848 A.2d at 108). "A motion for recusal is initially directed to and decided by the jurist whose impartiality is being challenged." ***Id.*** (quoting ***Commonwealth v. Abu-Jamal***, 720 A.2d 79, 89 (Pa. 1998)).

A party seeking a trial judge's recusal "bears the burden of producing evidence establishing bias, prejudice, or unfairness necessitating recusal." ***Id.*** (quoting ***Druce***, 848 A.2d at 108).

Appellant has not presented any evidence to support his bald, unsubstantiated claim that the PCRA court was in any way impartial. This Court's review of the record indicates that it is devoid of any such evidence. We, therefore, conclude that the PCRA court did not abuse its discretion in denying Appellant's Motion for Recusal.

Last, Appellant claims that the PCRA court erred when it denied his Amended Petition without a hearing.

A PCRA petitioner is not automatically entitled to an evidentiary hearing. ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008). "[I]f the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." ***Id.*** We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion. ***Commonwealth v. Roney***, 79 A.3d 595, 604 (Pa. 2013) (citation omitted).

Here, the PCRA court explained that it did not hold a hearing on Appellant's Amended Petition because Appellant had not raised any issues of arguable merit. PCRA Ct. Op., 11/27/17, at 11. In particular, it opined that Appellant failed to plead in his Petition the facts of record that supported his allegations of counsel ineffectiveness and misconduct, and failed to append supporting documentation where those facts were not of record. *Id.* at 14-15. The PCRA court concluded that, because Appellant did not provide facts to support his allegations, he was not entitled to an evidentiary hearing.

Our review of the record confirms the PCRA court's conclusions. Because Appellant failed to support the claims set forth in his Amended Petition, the trial court did not abuse its discretion in denying his Amended Petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/27/18