J-A26039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                             :        PENNSYLVANIA
                             :
              v.             :
                             :
                             :
                             :
RUSSELL S. SHICK            :
                             :
         Appellant           :  No. 720 WDA 2018

Appeal from the Judgment of Sentence March 29, 2016
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0000785-2014


BEFORE:  BENDER, P.J.E., SHOGAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED JANUARY 11, 2019**

Russell S. Shick (Appellant) appeals from the PCRA court's order
reinstating his direct appeal rights, following the PCRA court's review of
Appellant's second petition filed pursuant to the Post Conviction Relief Act
(PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we quash.

Relevant to this appeal, Appellant was charged with four counts each of
aggravated assault – serious bodily injury and aggravated assault with a
deadly weapon, and one count of discharge of a firearm into an occupied
structure, stemming from an incident that occurred on October 16, 2013.[1]  On
November 30, 2015, Appellant pled guilty pursuant to a negotiated plea
agreement.  Under the terms of the plea agreement, Appellant pled guilty to
one count of aggravated assault – serious bodily injury and waived his

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(1), (4) and 2707.1(a).

eligibility for early release, house arrest, electronic monitoring or any other modification that would adjust the period of incarceration in any way.

On March 29, 2016, the trial court sentenced Appellant to 7½ to 15 years of state incarceration. Following the imposition of sentence, Appellant's trial counsel filed a motion to withdraw as counsel on April 5, 2016, and a motion seeking a 30-day extension to file post-sentence motions on April 6, 2016. The trial court granted the motion for an extension of time to file post-sentence motions on April 7, 2016, and scheduled a hearing on the motion to withdraw as counsel. On April 20, 2016, Appellant filed a *pro se* motion to withdraw his guilty plea. The trial court convened a hearing on April 28, 2016, after which it granted trial counsel's motion to withdraw, and denied Appellant's *pro se* request to withdraw his guilty plea.

Appellant did not file a direct appeal. Thus, Appellant's judgment of sentence became final on May 31, 2016.[2] **See** 42 Pa.C.S.A. § 9545(b)(3) (mandating that a judgment of sentence becomes final at the conclusion of direct review or at the expiration of the time for seeking review); Pa.R.Crim.P. 720(A)(3).

---

[2] The thirtieth day after the trial court's April 28, 2016 denial of Appellant's post-sentence motion fell on Saturday, May 28, 2016. Monday, May 30, 2016 was a legal holiday. Thus, Appellant had until Tuesday, May 31, 2016 to file a timely appeal. **See** 1 Pa.C.S.A. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

On July 28, 2016, Appellant filed a *pro se* notice of appeal, which the trial court construed as a request to reinstate his direct appeal rights *nunc pro tunc*. The trial court denied Appellant's request on August 3, 2016. On August 5, 2016, Appellant filed a *pro se* document titled "Motion to dismiss," in which he alleged violations of his constitutional rights, the illegality of his sentence, and ineffectiveness of counsel. Rather than treating Appellant's motion as a timely, first petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, the trial court denied Appellant's motion as untimely.[3] **See** 42 Pa.C.S.A. § 9542 (providing that "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect . . ."); **see also Commonwealth v. Johnson**, 803 A.2d 1291, 1293 (Pa. Super. 2002) (holding that "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition."). Appellant did not appeal that decision.

On November 1, 2017, Appellant filed a second PCRA petition, this time with counsel. Appellant in this second petition sought to withdraw his guilty plea due to ineffective assistance of counsel, and additionally sought reinstatement of his post-sentence motion and direct appeal rights. A hearing on Appellant's petition was held on December 8, 2017 and January 22, 2018. Regarding the timeliness of Appellant's PCRA petition, Appellant asserted that

_____

[3] In our analysis going forward, we reference Appellant's *pro se* motion to dismiss as Appellant's first PCRA petition.

"his counseled [p]etition relates back to his timely filed *pro se* motion[] and, thus, is timely." PCRA Court Opinion, 4/24/18, at 6. Appellant argued that because the trial court erred in failing to construe his *pro se* motion to dismiss as a timely first PCRA petition, and failed to appoint Appellant PCRA counsel to advance his claims, his untimely second PCRA petition was actually an "amended" PCRA petition relating back to his timely first PCRA petition. *Id.*

Conversely, the Commonwealth argued that Appellant's PCRA petition was untimely for two reasons. *Id.* First, the Commonwealth noted that Appellant's original petition was not pending at the time he filed his second PCRA petition. Rather, the petition was summarily denied by the trial court and Appellant did not appeal that decision. *Id.* at 6-7. And second, the Commonwealth noted that Appellant did not request or receive permission to amend his first PCRA petition. *Id.* at 7. Accordingly, the Commonwealth asserted that Appellant's second PCRA petition could not be considered an extension of Appellant's first PCRA petition.

The PCRA court agreed with Appellant, stating:

[C]ase law is clear that the amended first petition is treated as an extension of an existing petition rather than a new and distinct petition. **Com[monwealth] v. Tedford**, 781 A.2d 1167, 1171 n.6 (Pa. 2001). Despite the Commonwealth's assertion that our August 11, 2016 denial of [Appellant's] August [5], 2016 [m]otion to [d]ismiss precluded [Appellant] from pursuing an "amended" petition, we have already opined that said denial was erroneous.

- 4 -

PCRA Court Opinion, 4/24/18, at 7. Finding Appellant's second untimely PCRA petition to be an "extension" of Appellant's first timely PCRA petition, the PCRA proceeded to address the merits of Appellant's petition.

On April 24, 2018, the PCRA court granted Appellant's request to have his direct appeal rights reinstated *nunc pro tunc*, limited to whether the trial court erred in denying Appellant's *pro se* motion to withdraw his guilty plea. The PCRA court, however, denied Appellant's request for the reinstatement of his post-sentence motions and deferred its decision regarding Appellant's allegations of ineffective assistance of counsel until it received "directives from the Pennsylvania Superior Court; or in the absence of said directives, upon written [p]etition from [Appellant] requesting decision within 30 days after appellate review has concluded . . . or expired." Order, 4/24/18, at ¶ 2. This appeal, *nunc pro tunc*, followed.

At the outset, we recognize that "Pennsylvania law makes clear [that] no court has jurisdiction to hear an untimely PCRA petition." ***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment became final, unless one of the three statutory exceptions applies:

> (i)  the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). If a petition is untimely, and the petitioner has not pled and proven any exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006)).

Here, Appellant's second PCRA petition is facially untimely. "A judgment is deemed final 'at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.'" *Monaco*, 996 A.2d at 1079 (quoting 42 Pa.C.S.A. § 9545(b)(3)). The trial court entered Appellant's judgment of sentence on March 29, 2016. Appellant filed post-sentence motions, which the trial court denied on April 28, 2016. Appellant did not file a direct appeal. Therefore, and as noted above, Appellant's judgment of sentence became final 30 days from April 28, 2016, or May 31,

2016. *See* Pa.R.A.P. 903(a) ("Except as otherwise prescribed by this rule, the notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken."). Under Section 9545(b)(1), for Appellant's PCRA petition to be timely, it had to be filed one year from May 31, 2016 – which was May 31, 2017. Although Appellant filed his first PCRA petition within that timeframe, the instant PCRA petition, his second, was not filed until November 1, 2017. Accordingly, our law is unequivocal that both the PCRA court and this Court lack jurisdiction to reach the merits of Appellant's appeal unless he pled and proved one of the three timeliness exceptions of Section 9545(b)(1). *See Derrickson*, 923 A.2d at 468.

In his petition, Appellant does not plead or prove any of the three timeliness exceptions of Section 9545(b)(1). Rather, Appellant argues that his petition is timely based upon the "extension theory." Appellant contends that the instant petition relates back to – or is an extension of – Appellant's first timely PCRA petition. Amended Petition for Post-Conviction Relief, 11/1/17, at ¶ 100 (citing *Commonwealth v. Tedford*, 781 A.2d 1167 (Pa. 2001) (concluding that an amended petition is not untimely where a *pro se* petition was timely filed)). Thus, Appellant suggests that the underlying PCRA petition satisfies the jurisdictional timeliness requirements.

Our Supreme Court has consistently rejected "various theories devised to avoid the effects of the [PCRA's] one-year time limitation[.]" *Commonwealth v. Robinson*, 837 A.2d 1157, 1157 (Pa. 2003) (citing *Commonwealth v. Baroni*, 827 A.2d 419 (Pa. 2003). Specifically, in

*Robinson*, the extension theory was explicitly rejected after our Supreme Court concluded that "neither the language of the statute nor [the Supreme Court's] decisional law authorize[] suspension of the time-bar in instances where the petitioner is seeking *nunc pro tunc* appellate relief or reiterating claims which were litigated on a previous petition." *Robinson*, 837 A.2d at 1161. The Court further explained:

> [T]he . . . 'extension' theory ignores bedrock principles of finality. Once a PCRA petition has been decided and the ruling on it has become final, there is nothing for a subsequent petition or pleading to 'extend.' Far from continuing into perpetuity, the trial court's jurisdiction over a matter generally ends once an appeal is taken from a final order or, if no appeal is taken, thirty days elapse after the final order.

*Id.* at 1162 (internal citation omitted).

Turning to the matter before us, and consonant with prevailing legal authority – including our Supreme Court in *Robinson* – we must conclude that Appellant's reliance on the extension theory to overcome the PCRA's timeliness requirements is misplaced. The jurisdiction of the court over Appellant's first PCRA petition expired 30 days after the court denied Appellant's petition on August 11, 2016; Appellant's subsequent petition was a second collateral action. As such, it was subject to the time and serial petition restrictions of Section 9545(b) of the PCRA. Because the PCRA petition at issue here was facially untimely and Appellant failed to plead and prove any of the three exceptions to the time-bar, both the PCRA court and this Court lack jurisdiction.

Appeal quashed.


P.J.E. Bender joins the memorandum.

Judge Shogan files a dissenting memorandum.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  1/11/2019