J-S40043-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
:
WILLEY ORTIZ :
:
Appellant : No. 3465 EDA 2018

Appeal from the PCRA Order Entered November 29, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010986-2010

BEFORE: SHOGAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED OCTOBER 6, 2020**

Appellant, Willey Ortiz, appeals from the order entered November 29,

2018, that denied his first petition filed under the Post Conviction Relief Act

("PCRA").[1] Additionally, PCRA counsel has filed an application to withdraw

pursuant to ***Turner***/***Finley***.[2] We affirm and grant PCRA counsel's application

to withdraw.

The facts underlying this appeal are as follows:

> In 2009, continuing into early 2010, [Appellant] was a drug dealer
> near the corner of Waterloo Street and Gurney Street in
> Philadelphia. N.T., 2/4/14 at 21-23; 2/5/14 at 124. [Appellant]
> was an associate of Jose Mena. N.T., 2/4/14 at 22-23; 2/5/14 at
> 123-124, 130. In early 2009, Kenneth Rolon worked for

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[Appellant] and Mena, selling drugs on the street. *Id.* While working for [Appellant] and Mena, Rolon was arrested for drug distribution and spent several months in jail without bail being posted. N.T., 2/4/14 at 21, 23; 2/5/14 at 151. Upon Rolon's release, Rolon began working for a different drug dealer, Jonathan Morales. N.T., 2/4/14 at 24, 2/5/14 at 129-130. At this time, Angel Feliciano was also working for [Appellant]. N.T., 2/5/14 at 88, 135. Early in January, 2010, Rolon and Feliciano became embroiled in a dispute, whereupon Rolon decided to take "all [the drug selling] work" on the comer. N.T., 2/4/14 at 29, 34; 2/5/14 at 43-44, 136.

On January 22, 2010, at approximately 3:45 p.m., [Appellant] was driving his black Chevy Cavalier down Cambria Street with Feliciano in the back seat. N.T., 2/3/14 at 61; 2/4/14 at 86, 193-194; 2/5/14 at 21-23, 39-40. [Appellant] spotted Rolon on the corner of Cambria Street and Howard Street, near the Sanchez Grocery located on that corner, and motioned Rolon to come over to the car. N.T., 2/4/14 at 134, 193-194; 2/5/14 at 22, 39. Jose Aponte was present with Rolon at this time. N.T., 2/5/14 at 38-39. When Rolon did not go toward the car, [Appellant] reversed and pulled close to Rolon, asking "you not still mad about that fight, right?" N.T., 2/5/14 at 40, 95-96. Rolon then walked over to the car and leaned in toward [Appellant]. N.T., 2/5/14 at 40. At that time, Feliciano, still sitting in the back seat, shot Rolon once in the chest with a .25 caliber firearm. N.T., 2/5/14 at 40; 2/6/14 at 19-20. Surveillance cameras from Sanchez [G]rocery captured the shooting on video. N.T., 2/3/14 at 85. Virgilio Sanchez witnessed the shooting from across the street. N.T., 2/5/14 at 21. After the shooting, [Appellant] and Feliciano fled the scene in [Appellant]'s car. N.T., 2/4/14 at 198; 2/5/14 at 40.

Rolon fled inside Sanchez Grocery, where he collapsed. N.T., 2/3/14 at 63; 2/5/14 at 40. Police and paramedics were called and arrived on the scene shortly thereafter, transporting Rolon to Temple [University] Hospital where he was pronounced dead. N.T., 2/3/14 at 66, 72, 74; 2/5/14 at 96. Officers recovered a single .25 caliber fired cartridge case on Cambria Street. N.T., 2/3/14 at 81; 2/4/14 at 54; 2/5/14 at 72. [Appellant]'s vehicle was recovered two days later, on January 24, 2010, at [Appellant]'s grandmother's house on the 3900 block of N[orth] Marshall St[reet]. N.T., 2/4/14 at 38; 2/5/14 at 207. Police were unable to locate [Appellant] for several days following the shooting. N.T., 2/5/14 at 190-191, 205-210. [Appellant] was

subsequently found on February 22, 2010 in Woodbury, New Jersey, entering an apartment on Bun Street. N.T., 2/5/14 at 210-211. When police confronted [Appellant], [Appellant] attempted to flee and ultimately hid in a closet in the apartment, where he was arrested. *Id.*

Trial Court Opinion, filed November 26, 2014, at 2-3 (footnotes omitted) (some additional formatting).

On February 7, 2014, at the conclusion of a four-day trial, a jury convicted [Appellant] of third degree murder. On April 4, 2014, the [trial] court sentenced him to 20 to 40 years' incarceration. [Appellant] filed a post-sentence motion challenging the sufficiency and weight of the evidence supporting his conviction. On August 1, 2014, the trial court denied the post-sentence motion, and on August 28, 2014, [Appellant] filed a timely notice of appeal.

On appeal, [Appellant] challenge[d] the sufficiency of the evidence and the weight of the evidence.

*Commonwealth v. Ortiz*, No. 2518 EDA 2014, unpublished memorandum at 2-3 (Pa. Super. filed July 7, 2015). This Court affirmed Appellant's judgment of sentence, *id.* at 1, and he filed a petition for allowance of appeal with the Supreme Court of Pennsylvania, which was denied on February 8, 2016.

On July 27, 2016, Appellant filed his first, *pro se*, timely PCRA petition, in which he alleged that this trial counsel was ineffective for: (1) "fail[ing] to conduct a reasonably thorough pre-trial investigation where such an investigation would have revealed that . . . Detective James Pitts, Officer Stephen Dmytryk and Detective Omar Jenkins . . . were under investigation by . . . Internal Affairs"; (2) failing to interview, to investigate, or to present the testimony of Appellant's wife; (3) failing to call Feliciano to testify; (4) advising Appellant not to testify in his own defense; and (5) failing to raise

a claim pursuant to **Batson v. Kentucky**, 476 U.S. 79 (1986).[3] PCRA Petition, 7/27/2016, at 3-4. Appellant additionally alleged that "he was denied due process of law and/or a fair trial where, in violation of the rule of **Brady v. Maryland**, 373 U.S. 83 (1963)[4] . . . the Commonwealth withheld" information about the investigation into Detectives Pitts and Dmytryk and Officer Jenkins. **Id.** at 4-5. He concludes that "he is entitled to a new trial based upon the unavailability at the time of trial of exculpatory evidence that has subsequently become available" concerning the investigation into these detectives and officer. **Id.** at 5.

On May 26, 2017, the PCRA court appointed counsel to represent Appellant.[5] On January 9, 2018, pursuant to **Turner**/**Finley**, PCRA counsel filed a petition to withdraw and a "no merit" letter with the PCRA court. A hearing was scheduled for February 1, 2018, but, after PCRA counsel rescinded the "no merit" letter, the PCRA court entered the following order:

PCRA Continued For Further Findings By Defense

---

[3] In **Batson**, the United States Supreme Court "upheld the constitutional limitations on a prosecutor's use of peremptory challenges to purposely exclude members of a defendant's race from participating as jurors." **Commonwealth v. Dinwiddle**, 542 A.2d 102, 104 (Pa. Super. 1998).

[4] Under **Brady v. Maryland**, 373 U.S. 83, 87-88 (1963), "suppression by prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of prosecution."

[5] The record is unclear as to why over nine months passed between the filing of Appellant's first PCRA petition and the appointment of counsel.

> Defense request (45 days) for further investigation to file amended petition or Finley Letter
>
> Next court date 3/23/2018 courtroom 1007

Order, 2/1/2018. On March 20, 2018, PCRA counsel filed an amended PCRA petition raising the sole claim that trial counsel was ineffective for advising Appellant not to testify at trial. Amended PCRA Petition, 3/20/2018, at 3. On November 29, 2018, the PCRA court held an evidentiary hearing and denied Appellant's petition. On December 6, 2018, Appellant filed this timely appeal. On December 21, 2018, Appellant filed the following statement of errors complained of on appeal:

> 1.    Trial counsel was ineffective for failing to conduct a reasonable pre-trial investigation in that Detective James Pitts, [Detective] Omar Jenkins, and Police Officer Stephen Dmytryk were being investigated by police internal affairs.
>
> 2.    The [PCRA] court erred in denying [Appellant]'s PCRA petition.
>
> 3.    Trial counsel was ineffective in not calling [Appellant's] wife Lisa Edwards and Angel Feliciano at the time of trial.
>
> 4.    Trial counsel was ineffective for failing to raise a **Ba**[**t**]**son v. Kentucky**, 476 U.S. 79 (1986) claim at the time of trial.
>
> 5.    [Appellant] asserts that there was a violation of **Brady v. Maryland** since the Commonwealth knew that Detectives Pitts, Dmytryk, and Jenkins were under investigation by internal affairs and that the subsequent discovery of the aforementioned detectives and officers constituted after-discovered evidence.

Matters Complained of on Appeal, 12/21/2018, at 1-2 (not paginated). The trial court entered its opinion on March 21, 2019.

- 5 -

On February 29, 2020, PCRA counsel filed a ***Turner***/***Finley*** letter and brief with this Court, along with a motion to withdraw as counsel.[6]

> Prior to addressing the merits of the appeal, we must review counsel's compliance with the procedural requirements for withdrawing as counsel. . . . Counsel petitioning to withdraw from PCRA representation must proceed under . . . ***Turner*** . . . and ***Finley*** . . . and must review the case zealously. ***Turner***/***Finley*** counsel must then submit a . . . brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

> Where counsel submits a petition and no-merit letter that satisfy the technical demands of ***Turner***/***Finley***, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Commonwealth v. Muzzy***, 141 A.3d 509, 510–11 (Pa. Super. 2016) (internal citation omitted) (some formatting).

Based on our review, we conclude that PCRA counsel has satisfied the technical demands of ***Turner/Finley*** in his brief. ***See id.*** In addition, counsel has sent the following to Appellant: (1) a copy of the "no merit" brief, (2) a copy of his petition to withdraw, and (3) a statement advising appellant that he has the right to retain new counsel to pursue the appeal, to proceed *pro*

---

[6] Appellant did not file a *pro se* or counseled response to the ***Turner***/***Finley*** letter.

*se*, or to raise additional points deemed worthy of the court's attention. **See** Letter from PCRA counsel to Appellant (dated March 1, 2020). Accordingly, we must conduct our own independent evaluation of the record to ascertain whether we agree with PCRA counsel that Appellant is not entitled to relief. **See Muzzy**, 141 A.3d at 511.

In the **Turner**/**Finley** brief, PCRA counsel copied the challenges enumerated in Appellant's Matters Complained of on Appeal, stating that Appellant "intends" to raise these claims. **Turner**/**Finley** Brief at 3.

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error." **Commonwealth v. Medina**, 209 A.3d 992, 996 (Pa. Super. 2019) (quoting **Commonwealth v. Brown**, 196 A.3d 130, 150 (Pa. 2018)), *reargument denied* (July 17, 2019).

Preliminarily, we note: "Amended petitions are required on first-time PCRA cases, **Commonwealth v. Tedford**, 566 Pa. 457, 781 A.2d 1167, 1171 (2001), and the PCRA court is only permitted to address issues raised in a counseled petition." **Commonwealth v. Markowitz**, 32 A.3d 706, 713 n.5 (Pa. Super. 2011). None of the claims listed in Appellant's Matters Complained of on Appeal and incorporated into the **Turner**/**Finley** brief were included in his counseled, amended petition. **Compare** Amended PCRA Petition, 3/20/2018, at 3, **with** Matters Complained of on Appeal, 12/21/2018, at 1-2, **and Turner**/**Finley** Brief at 3. The only issue raised in his amended petition

was that trial counsel was ineffective for failing to call Appellant to testify on his own behalf, and this issue was not included in Appellant's Matters Complained of on Appeal. *Compare* Amended PCRA Petition, 3/20/2018, at 3, *with* Matters Complained of on Appeal, 12/21/2018, at 1-2. Accordingly, all of the issues raised on appeal are waived.

Assuming Appellant's first and fifth appellate challenges were not waived for this reason, we would observe that, pursuant to our review of the certified record, Detective Jenkins did not testify at Appellant's trial and his name was mentioned less than ten times over the course of Appellant's four-day trial. *See* N.T., 2/4/2014, at 140, 209; N.T., 2/5/2014, at 31-32, 45, 195-96 (mentions of Detective Jenkins in notes of trial testimony). Similarly, we find that Officer Dmytryk did not provide any facts during trial, as evidenced by the fact that the trial court did not cite to his testimony at all when providing the facts of this case in its opinion; Officer Dmytryk's testimony only served to establish the chronology of the investigation and that Appellant and Sanchez knew each other prior to Sanchez witnessing the killing. N.T., 2/5/2014, at 48-58; Trial Court Opinion, filed November 26, 2014, at 2-3. Consequently, even if the Commonwealth had disclosed or trial counsel had otherwise discovered the investigation into Detective Jenkins and Officer Dmytryk, we fail to see how any doubt as to their honesty or trustworthiness could have had any bearing on the outcome of Appellant's trial. *See Commonwealth v. Treiber*, 121 A.3d 435, 460–61 (Pa. 2015) ("To establish

a **Brady** violation, appellant must . . . establish prejudice, . . . demonstrate[ing] a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." (citations and internal quotation marks omitted)); **Medina**, 209 A.3d at 1000 (to establish ineffective assistance of counsel, appellant must prove "prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error").[7,8]

For the reasons given above, we conclude that Appellant's issues raised on appeal are waived. To the extent that they are not waived, Appellant's claims concerning the investigation into Detectives Pitts and Jenkins and Officer Dmytryk are meritless, whether as the basis for a **Brady** claim or an ineffective assistance of counsel claim. Having discerned no error of law, we affirm the order below. **See Medina**, 209 A.3d at 996. As we agree that

---

[7] Furthermore, when this Court reviewed the sufficiency of the evidence on direct appeal, it did not rely upon any testimony by Detective Pitts or Officer Dmytryk to find that the evidence was sufficient to convict Appellant of murder of the third degree. **Ortiz**, No. 2518 EDA 2014, at 4 (citing N.T., 2/4/2014, at 150, 198, 264-65; N.T., 2/5/2014, at 80-82, 95-96, 136, 180, 210-12); N.T., 2/5/2014, at 29-48 (Detective Pitts's testimony).

[8] We would further observe that, assuming *arguendo* that Appellant's final issue alleging a **Brady** violation based upon "after-discovered evidence" had been preserved, an appellant may only needs to prove "after-discovered evidence" as an exception to the PCRA time bar; however, as Appellant's petition was timely, Appellant is not required to establish such facts were previously unknown to him. **See** 42 Pa.C.S. § 9545(b)(1); Matters Complained of on Appeal, 12/21/2018, at 2 ¶ 5.

- 9 -

Appellant is not entitled to relief, we also grant PCRA counsel's petition to withdraw.

Petition to withdraw granted. Order affirmed.

Judge Shogan joins the Memorandum.

Judge King Concurs in the Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/06/2020