J-S08025-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH HAYWOOD WHITFIELD | : | |
| | : | |
| Appellant | : | No. 930 MDA 2020 |

Appeal from the Judgment of Sentence Entered October 12, 2018,
in the Court of Common Pleas of Dauphin County,
Criminal Division at No(s): CP-22-CR-0004437-2017.

BEFORE: STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.*

MEMORANDUM BY KUNSELMAN, J.: **FILED JULY 09, 2021**

Joseph Haywood Whitfield appeals from the judgment of sentence imposed after a jury convicted him of multiple offenses. Additionally, Whitfield's counsel filed a petition to withdraw from representation and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967). Upon review, we grant counsel's petition, and affirm the judgment of sentence.

This case arises from the following facts. On August 11, 2017, Whitfield's eight year old son woke up to gunshots and called 911. When Whitfield's son went downstairs, he saw his father with a gun. Whitfield told him there were intruders in the house. The police came and surrounded Whitfield's house. Dispatch was in contact with Whitfield trying to convince

_____

* Former Justice specially assigned to the Superior Court.

him to put the gun down, but lost contact multiple times. After some time, Whitfield and his son came out of the house. The police detained Whitfield and conducted a safety sweep. The police found one spent shell casing at the threshold of the front door and a bullet hole in the wall between the kitchen and living room. The police did not find any firearm in plain view.

The officers then questioned him. Whitfield told them that his son was sleeping upstairs, and he fell asleep on the couch watching TV. Whitfield woke up and saw two intruders in the kitchen. He did not know who they were, so he got up and fired two shots at them. He then threw the gun at them. Whitfield told the police that the gun was a Raven Arms .25 caliber, which he claimed to have found next to a dumpster. Because they did not find the gun and Whitfield's story was inconsistent, the police asked Whitfield to consent to a search, but he refused. The police obtained a search warrant the next morning.

During the search of Whitfield's house, an officer found a .25 caliber Raven Arms handgun in the second-floor front bedroom under a pile of blankets. The serial number was obliterated. When the police told Whitfield that they found the gun, Whitfield then told them that he hid it in his bedroom under a basketball blanket. They also found a .32 caliber Smith & Wesson revolver on a kitchen shelf and a .22 Colt long rifle handgun in the living room closet. Whitfield was arrested and charged with multiple offenses.

At trial, Whitfield told a different story. There, he claimed that his cousin and his girlfriend, who were living with him, got into a fight that night. It

woke Whitfield up, and he claimed that his cousin was brandishing the gun at his girlfriend and another man who was with her. Whitfield grabbed his son and told him to call 911. The cousin then, according to Whitfield, fired two shots. The girlfriend and other man took off. Whitfield's cousin then threw the gun on the couch and fled. Whitfield claimed that he then picked up the gun and hid it upstairs for safety reasons. Finally, Whitfield claimed that he never made those statements to the police.

The jury found Whitfield guilty of possession of firearm with manufacturer number altered, person not to possess firearms, endangering the welfare of a child (EWOC), and recklessly endangering another person (REAP).[1] The trial court sentenced Whitfield to an aggregate term of two and a half (2½) to five (5) years of incarceration, followed by five (5) years of probation. No post-sentence motion or appeal was filed.

Following a *pro se* Post-Conviction Relief Act[2] ("PCRA") petition, appointment of counsel, and an amended PCRA petition, the trial court reinstated Whitfield's direct appellate rights. Whitfield filed this timely direct appeal. Additionally, counsel filed a petition to withdraw from representation and an ***Anders*** brief. Whitfield did not retain independent counsel or file a *pro se* response to the ***Anders*** brief.

_____

[1] 18 Pa.C.S.A. §§ 6110.2(a), 6105(a)(1), 4304(a)(1), and 2705.

[2] 42 Pa.C.S.A. §§ 9541-46.

Before we may consider the issues raised in the **Anders** brief, we must first consider counsel's petition to withdraw from representation. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) (holding that, when presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

**Commonwealth v. Edwards**, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of **Anders**, *i.e.*, the contents of an **Anders** brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. Once counsel has satisfied the ***Anders*** requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, counsel has complied with each of the requirements of ***Anders***. Counsel indicated that he reviewed the record and concluded that Whitfield's appeal is frivolous. Further, the ***Anders*** brief substantially comports with the requirements set forth by our Supreme Court in ***Santiago***. Finally, the record included a copy of the letter that counsel sent to Whitfield stating counsel's intention to seek permission to withdraw, and advising Whitfield of his right to proceed *pro se* or retain new counsel and file additional claims. Accordingly, as counsel has complied with the procedural requirements for withdrawing from representation, we will conduct an independent review to determine whether Whitfield's appeal is wholly frivolous.

In the ***Anders*** brief, counsel sets forth fifteen issues which Whitfield could raise, but, ultimately, would be frivolous.[3] Upon review, we agree with counsel that the issues are frivolous.

---

[3] For ease of disposition, we have reordered the issues in the ***Anders*** brief slightly.

Issues one, two, and three in the **Anders** brief relate to the trial court's rulings on Whitfield's pre-trial motions:

> 1. Did the [t]rial [c]ourt err when it failed to entertain [Whitfield's] *pro se* Motion to Suppress that was filed while he was represented by counsel?
>
> 2. Did the [t]rial Court err when it did not rule on [Whitfield's] *pro se* motions that he filed when he had counsel, when he asked the court to reconsider [him] a *pro se* litigant?
>
> 3. Did the [t]rial [c]ourt err when it [did not rule on Whitfield's *pro se*] motion under Rule 600 to dismiss the charges?

**Anders** Brief at 13.

Prior to trial, Whitfield submitted a *pro se* motion to suppress and several other *pro se* motions, including a motion to remove counsel of record. Whitfield, however, was represented by counsel at the time. Counsel did not refile these motions. Consequently, the trial did not consider these motions.

It is well established that hybrid representation is not permitted. **Commonwealth v. Ellis**, 626 A.2d 1137, 1139 (Pa. 1993). A defendant does not have a right to file a *pro se* motion when he is represented by counsel. **See Commonwealth. v. Nischan**, 928 A.2d 349, 355 (Pa. Super. 2007). Such a *pro se* motion is a nullity, and has no legal effect. **See id.**; **Commonwealth v. Piscanio**, 608 A.2d 1027, 1029 n. 3 (Pa. 1992). Thus, the trial court did not err in refusing to consider these motions.[4]

---

[4] Additionally, we note that Whitfield failed to adhere to proper procedure in handling some of his *pro se* motions and did not file them
*(Footnote Continued Next Page)*

Additionally, the trial court did not decide Whitfield's *pro se* motion to dismiss his case under Rule 600 for violation of his speedy trial rights, which he filed after counsel withdrew from the case. "Rule 600 generally requires the Commonwealth to bring a defendant . . . to trial within 365 days of the date the complaint was filed." **Commonwealth v. Hunt**, 858 A.2d 1234, 1240 (Pa. Super. 2004) (*en banc*), *appeal denied*, 875 A.2d 1073 (2005). "In assessing a Rule 600 claim, the court must exclude from the time for commencement of trial any periods during which the defendant was unavailable, including any continuances the defendant requested and any period for which he expressly waived his rights under Rule 600." **See Commonwealth v. Brown**, 875 A.2d 1128, 1134 (Pa. Super. 2005). Our standard of review in evaluating a Rule 600 claim is whether the trial court abused its discretion. **Commonwealth v. Brock**, 61 A.3d 1015, 1017 (Pa. 2013).

Here, the Commonwealth filed the criminal complaint on August 11, 2017, and Whitfield's trial began with jury selection on August 14, 2018. Although the trial commenced after the 365 days allowed under Rule 600, there was a delay of 38 days attributable to Whitfield's request for a continuance. Moreover, this continuance included a waiver for Rule 600

---

as required under Pa.R.Crim.P. 576(a)(1). Instead, he merely submitted them directly to the judge.

- 7 -

purposes. Therefore, the 38 days must be excluded from the time computation, which rendered Whitfield's trial timely under Rule 600.

Issues one, two, and three are frivolous.

Issue four in the **Anders** brief pertains to jury selection in Whitfield's case:

> 4. Did the [t]rial [c]ourt err when it allowed the Commonwealth to issue preemptory challenges striking all jurors who were the same race as the [Whitfield] in violation of **Batson v. Kentucky**, 476 U.S. 79, 106 S. Ct. 1712, 90 L.Ed.2d 69 (1986).

**Anders** Brief at 13-14. In **Batson**, the United States Supreme Court "upheld the constitutional limitations on a prosecutor's use of peremptory challenges to purposely exclude members of a defendant's race from participating as jurors." **Commonwealth v. Dinwiddie**, 542 A.2d 102, 104 (Pa. Super. 1998).

Upon review, however, we observe, as the trial court did, that Whitfield failed to preserve this issue for our appeal. No objection was made to the jury selection proceeding or as to any of the jurors stricken at the time of jury selection. In fact, following jury selection, the trial court specifically asked the parties whether the jury as seated was acceptable; both responded "yes." "Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Because Whitfield failed to preserve this issue, it is waived. Issues which are waived are frivolous. **See Commonwealth v. Kalichak**, 943 A.2d 285, 291 (Pa. Super. 2008) (holding

that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous"). Issue four is frivolous.

Issue five in the **Anders** brief challenges the trial court's jury instruction regarding possession of a firearm:

> 5. Did the [t]rial [c]ourt err when it gave a jury instruction defining possession of the firearm at issue instead of constructive possession of the firearm, when none of the firearms at issue were found on the person of the Appellant?

**Anders** Brief at 14.

"'In examining jury instructions, our [standard] of review is to determine whether the trial court committed a clear abuse of discretion or an error of law controlling the outcome of the case.'" **Commonwealth v. Bradley**, 232 A.3d 747, 759 (Pa. Super. 2020) (quoting **Commonwealth v. Chambers**, 980 A.2d 35, 50 (Pa. 2009) (quotations omitted)). Moreover, "[i]n reviewing a challenge to a jury instruction the entire charge is considered, not merely discrete portions thereof." **Commonwealth v. Eichinger**, 915 A.2d 1122, 1138 (2007) (quotations omitted).

In order to preserve a claim that a jury instruction was erroneously given, an appellant must have objected to the charge at trial. **See Commonwealth v. Spotz**, 84 A.3d 294, 318 n. 18 (Pa. 2014) (citations omitted); Pa.R.A.P. 302(b) ("A general exception to the charge to the jury will not preserve an issue for appeal. Specific exception shall be taken to the language or omission complained of."); Pa.R.Crim.P. 647(C) ("No portions of

the charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate.)

Here, the trial court did not give the jury a constructive possession charge, but only a charge on actual possession.  However, Whitfield did not object to the trial court's charge to the jury after it was given.  The trial court noted that Whitfield did not even request a constructive possession charge. Trial Court Opinion, 9/8/20, at 7.  Instead, the trial court noted that Whitfield "specifically requested the charge for the defense of necessity on the theory that it was necessary for [Whitfield] to ***possess*** the firearm by picking it up from the couch and hiding it in his bedroom."  ***Id.*** (emphasis in original). Because Whitfield failed to preserve issue five, it is waived and therefore frivolous.

Issues six, seven, eight, and nine in the ***Anders*** brief challenge the sufficiency of the evidence to sustain Whitfield's various convictions:

> 6. Was the evidence against [Whitfield] sufficient to sustain his conviction for Possession of a Firearm With an Altered Manufacturer's Number in this matter?
>
> 7. Was the evidence against [Whitfield] sufficient to sustain his conviction for Person Not to Possess a Firearm in this matter?
>
> 8. Was the evidence against [Whitfield] sufficient to sustain his conviction for [EWOC] in this matter?
>
> 9. Was the evidence against [Whitfield] sufficient to sustain his conviction for [REAP] in this matter?

***Anders*** Brief at 14.

In reviewing a sufficiency of the evidence claim,

we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

***Commonwealth v. Koch***, 39 A.3d 996, 1001 (Pa. Super. 2011) (citations omitted).

We first consider issues six and seven, the sufficiency of the evidence to convict Whitfield of possession of a firearm with an altered manufacturer's number and person not to possess. To establish possession of a firearm with an altered number, the Commonwealth had to demonstrate that Whitfield possessed a gun that had the manufacturer's number "altered, changed, removed or obliterated." 18 Pa.C.S.A. § 6110.2(a). To establish the offense of persons not to possess firearms, the Commonwealth had to show that Whitfield was previously convicted of an enumerated offense and that he possessed a firearm. ***See*** 18 Pa.C.S.A. § 6105. This Court has held that, "[p]ossession can be found by proving actual possession, constructive possession, or joint constructive possession." ***Commonwealth v. Parrish***, 191 A.3d 31, 36 (Pa. Super. 2018) (citation omitted).

Here, it was undisputed that the serial number was obliterated, and that Whitfield was a person prohibited from possessing a firearm. Thus, the focus of this issue is on the element of possession. Sufficient evidence was presented at trial to satisfy this element. A police officer testified that Whitfield told him that he got the gun and shot at the alleged intruders. During

his own testimony, Whitfield claimed that he took the gun off of the sofa and hid it for safe keeping. Under either version of events there was sufficient evidence to prove that Whitfield possessed the gun. Issues six and seven are frivolous.

Next, we consider issues eight and nine, the sufficiency of the evidence to convict Whitfield of EWOC and REAP. "[T]o support a conviction under the EWOC statute, the Commonwealth must establish each of the following elements: (1) the accused is aware of his/her duty to protect the child; (2) the accused is aware that the child is in circumstances that could threaten the child's physical or psychological welfare; and (3) the accused has either failed to act or has taken action so lame or meager that such actions cannot reasonably be expected to protect the child's welfare." *Commonwealth v. Wallace*, 817 A.2d 485, 490-91 (Pa. Super. 2002) (citations and internal quotation marks omitted); 18 Pa.C.S.A. § 4302(a)(1).

To establish a conviction for REAP, the Commonwealth had to show that Whitfield recklessly engaged in conduct which placed or may have placed another person in danger of death or serious bodily injury." See 18 Pa.C.S.A. § 2705. "Serious bodily injury" is defined as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301. Reckless endangerment of another person ("REAP") requires the creation of danger, so the Commonwealth must prove the existence of an actual present ability to inflict harm to another.

- 12 -

*Commonwealth v. Reynolds*, 835 A.2d 720, 727-28 (Pa. Super. 2003). This Court has held that both a handgun and a BB gun are capable of causing serious bodily injury or death. *Commonwealth v. Peer*, 684 A.2d 1077, 1081 (Pa. Super. 1996).

Here, Whitfield undeniably had a duty to care for his son who was in the front bedroom above the living room where Whitfield was shooting. Although Whitfield supposedly shot at intruders in the kitchen which was toward the back of the house, there was a shell at the threshold of the front door. There also was a bullet hole in the wall between the kitchen and living room. The bullet easily could have gone through the ceiling to where his son was sleeping instead. Additionally, an officer testified that when you fire a gun inside a home many things could happen. He further stated that it is very difficult to know whether the bullet will ricochet off of something. N.T., 10/12/18, at 49. From this evidence, the jury could conclude that Whitfield's conduct in shooting a gun in a confined space with his son nearby was reckless and put his son's welfare in danger. *See Commonwealth v. Shaw*, 203 A.3d 281, 287 (Pa. Super. 2019) (holding sufficient evidence to convict the defendant of REAP where he discharged a firearm into the ceiling of his porch and in close proximity to an individual).

Based upon our review of the record and viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, we conclude that there was sufficient evidence to sustain Whitfield' convictions, and therefore issues eight and nine are frivolous.

Issues ten, eleven, twelve, and thirteen in the **Anders** Brief challenge the weight of the evidence:

10. Was [Whitfield's] conviction for Possession of a Firearm with an Altered Manufacturer's Number against the weight of the evidence?

11. Was [Whitfield's] conviction for Person Not to Possess a Firearm against the weight of the evidence?

12. Was [Whitfield's] conviction for [EWOC] against the weight of the evidence?

13. Was [Whitfield's] conviction for [REAP] against the weight of the evidence?

**Anders** Brief at 15.

Appellate review of a weight of the evidence claim is limited to a review of the judge's exercise of discretion" in determining whether the evidence was against the weight of the evidence. **Commonwealth v. Evans**, 201 A.3d 248, 250 (Pa. Super. 2018) (citations omitted). However, weight claims must be raised first with the trial court. Pa.R.Crim.P. 607. Appellants must preserve weight claims in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. **Id.**; **Commonwealth v. Priest**, 18 A.3d 1235, 1239 (Pa. Super. 2011). Failure to properly preserve the claim will result in its waiver. **Commonwealth v. Thompson**, 93 A.3d 478, 490 (Pa. Super. 2014).

Upon review, we observe that Whitfield did not preserve his weight claims for our review by first presenting them to the trial court.

Consequently, they are waived on appeal. Issues ten, eleven, twelve, and thirteen are frivolous.

Finally, issues fourteen and fifteen in the **Anders** brief challenge the legality and discretionary aspects of Whitfield's sentence:

> 14. Was the sentence [Whitfield] received in this matter illegal as it failed to merge the charges of [EWOC] with the charge of [REAP]?
>
> 15. Did the [t]rial [c]ourt abuse its discretion when imposing the sentence [Whitfield] received for his convictions in this matter?

**Anders** Brief at 15.

"A claim that convictions merged for sentencing purposes is a challenge to the legality of sentence." **Commonwealth v. Klein**, 795 A.2d 424, 430 n.4 (Pa. Super. 2002). "A claim that the trial court imposed an illegal sentence by failing to merge sentences is a question of law." **Commonwealth v. Williams**, 958 A.2d 522, 527 (Pa. Super. 2008) (quotation omitted). Accordingly, our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Wolfe**, 106 A.3d 800, 802 (Pa. Super. 2014, affirmed, 140 A.3d 651 (2016). Merger of offenses is appropriate where: "(1) the crimes arise from a single criminal act; and (2) all of the statutory elements of one of the offenses are included in the statutory elements of the other offense." **Commonwealth v. Crissman**, 195 A.3d 588, 591 (Pa.Super. 2018); **see also** 42 Pa.C.S.A. § 9765.2.

Here, the trial court properly imposed separate sentences of probation for EWOC and REAP to run concurrently to Whitfield's firearm sentences. This

Court has found that REAP and EWOC do not merge. After thoroughly examining the requirements of each statute, we explained:

> A conviction for reckless endangerment requires proof of conduct that places or may place another person in danger of death or serious bodily injury, while a conviction for endangering the welfare of children only requires proof of circumstances that could threaten the child's physical or psychological welfare. Thus, reckless endangerment requires proof of a fact that endangering the welfare of children does not. In other words, the element of conduct which places or may place a person in danger of death or serious bodily injury is not subsumed within proof that a child is placed in circumstance that could threaten the child. Thus, reckless endangerment is not a lesser-included offense of endangering the welfare of children, and the crimes do not merge.

***Commonwealth. v. Martir***, 712 A.2d 327, 329–30 (Pa. Super. 1998). We therefore conclude that the trial court did not err by failing to merge Whitfield's sentence for EWOC and REAP.

Lastly, in considering whether the trial court abused its discretion when it sentenced Whitfield to an aggregate sentence of two-and-a-half (2½) to five (5) years of incarceration, followed by five (5) years of probation, we note that a challenge to the discretionary aspects of a sentence does not entitle an appellant to appellate review as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa. Super. 2000). This Court has explained that, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]pellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement

- 16 -

raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013)).

Here, although Whitfield filed his appeal timely, he did not raise this issue at his sentencing hearing or file a motion to modify his sentence. Consequently, he failed to preserve this issue for our consideration. Because Whitfield failed to satisfy the requirements under *Colon*, he is not entitled to review of this issue.

Issues fourteen and fifteen are frivolous.

In sum, we conclude that all of Whitfield's issues are wholly frivolous. Furthermore, as required by *Anders*, we have independently reviewed the record to determine whether there are any non-frivolous issues present in this case. Our review of the record discloses no other non-frivolous issues that Whitfield could raise that counsel overlooked. *See Dempster*, *supra*.

Having concluded that there are no meritorious issues, we grant counsel's petition to withdraw, and affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/09/2021