J-S41034-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                            :            PENNSYLVANIA
                                                            :
               v.                                       :
                                                            :
                                                            :
RONALD CALDERON                             :
                                                            :
              Appellant                     :        No. 906 MDA 2022

Appeal from the PCRA Order Entered November 15, 2021
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0000179-2015

BEFORE:   LAZARUS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:            **FILED: DECEMBER 29, 2022**

Appellant Ronald Calderon appeals from the November 15, 2021, order entered in the Court of Common Pleas of Lebanon County, which denied Appellant's *pro se* petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  After a careful review, we vacate the PCRA court's order and remand for further proceedings consistent with this decision.

The relevant facts and procedural history are as follows: The Commonwealth charged Appellant with various crimes in connection with a home invasion, which resulted in the shooting of one of the victims. Represented by court-appointed counsel from the Office of the Public Defender, Appellant proceeded to a jury trial, and the jury convicted him of

---

[*] Former Justice specially assigned to the Superior Court.

three counts of robbery, five counts of criminal conspiracy, and two counts of aggravated assault.[1]

On October 28, 2015, the trial court sentenced Appellant to an aggregate of thirteen and one-half years to thirty-one years in prison. On November 22, 2016, this Court affirmed Appellant's judgment of sentence. Appellant did not file a petition for allowance of appeal with our Supreme Court.

On July 26, 2021, Appellant filed a *pro se* document entitled "Motion to Correct Sentence"[2] wherein he contended the trial court imposed an illegal sentence by failing to merge his conviction on one count of conspiracy (to commit robbery) with his conviction on one count of robbery. On July 29, 2021, the lower court summarily denied the "Motion to Correct Sentence" without prejudice to Appellant's right to file a PCRA petition.

On or about September 3, 2021, Appellant filed a *pro se* PCRA petition wherein he again asserted the trial court imposed an illegal sentence by failing

_____

[1] 18 Pa.C.S.A. §§ 3701(a)(1), 903(c), and 2702(a), respectively.

[2] Although the *pro se* document was time-stamped on July 29, 2021, we deem it to have been filed on July 26, 2021, when Appellant handed it to prison authorities as evidenced by Appellant's certification. ***See Commonwealth v. Jones***, 549 Pa. 58, 700 A.2d 423 (1997) (holding an affidavit attesting to the date of deposit with prison officials may be considered as evidence of the date of mailing); ***Commonwealth v. Patterson***, 931 A.2d 710 (Pa.Super. 2007) (explaining the prisoner mailbox rule).

to merge his convictions. By order entered on November 15, 2021, the PCRA court summarily denied Appellant's *pro se* PCRA petition.[3]

On November 23, 2021, Appellant filed a timely *pro se* notice of appeal.[4] On June 29, 2022, this Court directed the PCRA court to determine whether Appellant was entitled to the appointment of counsel, and the PCRA court responded by appointing counsel to assist Appellant on appeal.

In his counseled brief, Appellant sets forth the following issue in his "Statement of the Questions Involved" (verbatim):

1. Did the Trial Court commit err (*sic*) when it did not merge Count I and Count II for sentencing?

Appellant's Brief at 2 (suggested answer omitted).

Initially, we note "[o]ur standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." ***Commonwealth v. Hand***, 252 A.3d 1159, 1165 (Pa.Super. 2021) (citation omitted).

_____

[3] We note that, although the PCRA court treated this petition under the auspices of the PCRA, the court did not provide Appellant with notice of its intent to dismiss as provided for in Pa.R.Crim.P. 907(1) or hold an evidentiary hearing.

[4] Although the *pro se* notice of appeal was time-stamped on December 16, 2021, which would have been thirty-one days after the PCRA court filed its order, we deem the notice of appeal to have been filed on November 23, 2021, when Appellant handed it to prison authorities as evidenced by Appellant's certification. ***See Jones***, ***supra***; ***Patterson***, ***supra***.

In the case *sub judice*, we discern several breakdowns in the PCRA court, which require us to vacate the PCRA court's November 15, 2021, order and remand for further proceedings.

Preliminarily, as it pertains to Appellant's *pro se* "Motion to Correct Sentence," which he filed on July 26, 2021, we conclude the PCRA court erred in failing to treat this document under the auspices of the PCRA.[5] It is well-settled the PCRA is "the sole means of obtaining collateral relief," and "if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is exclusive to the PCRA." **Commonwealth v. Pagan**, 864 A.2d 1231, 1233 (Pa.Super. 2004) (emphasis omitted). We are particularly mindful that the PCRA provides the exclusive means of obtaining collateral relief in Pennsylvania for criminal defendants alleging that they are, *inter alia*, serving an illegal sentence. **See** 42 Pa.C.S.A. § 9542 ("This subchapter provides for an action by which…persons serving illegal sentences may obtain collateral relief. The action established in this subchapter shall

---

[5] We note that we may raise this matter *sua sponte*. **See Commonwealth v. Beatty**, 207 A.3d 957, 961 (Pa.Super. 2019). Further, while we acknowledge the PCRA court denied the "Motion to Correct Sentence" without prejudice to Appellant's right to file a PCRA petition, it is well-settled the PCRA has jurisdictional time limits, subject to three statutory exceptions, which provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. **See Commonwealth v. Monaco**, 996 A.2d 1076, 1079 (Pa.Super. 2010); 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Thus, it is incumbent upon a court to determine when a PCRA petition has been filed in order to determine whether it has jurisdiction.

- 4 -

become the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies….").

In his *pro se* "Motion to Correct Sentence," Appellant contends his sentence is illegal under the merger doctrine. This raises a legality of sentencing claim, which is subject to the PCRA. **See Commonwealth v. Moore**, ___ Pa. ___, 247 A.3d 990 (2021) (noting merger claims are legality of sentencing claims that are cognizable under the PCRA). Thus, we conclude the PCRA court should have considered Appellant's July 26, 2021, *pro se* document as a first PCRA petition.

Furthermore, we note the PCRA court failed to appoint counsel to assist Appellant after he filed his July 26, 2021, *pro se* document.[6] **See Commonwealth v. Stossel**, 17 A.3d 1286 (Pa.Super. 2011) (holding where a first-time PCRA petitioner was not appointed counsel, and there is no indication he waived his right to counsel, we may raise the issue of error *sua sponte*).

"[I]t is undisputed that first time PCRA petitioners have a rule-based right to counsel." **Commonwealth v. Figueroa**, 29 A.3d 1177, 1180 n.6 (Pa.Super. 2011). Specifically, Pennsylvania Rule of Criminal Procedure 904 relevantly provides:

---

[6] We further note that, after Appellant filed his *pro se* document entitled "PCRA petition" on or about September 3, 2021, the PCRA court summarily dismissed this petition without appointing counsel to represent Appellant.

**(C)** Except as provided in paragraph (H),[7] when an unrepresented defendant satisfies the judge that the defendant is unable to afford[8] or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief.

Pa.R.Crim.P. 904(C) (bold in original) (footnotes added).

Our Supreme Court has explained that "[t]he denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel." *Commonwealth v. Albrecht*, 554 Pa. 31, 720 A.2d 693, 699 (1998). Thus, when an indigent petitioner files his first PCRA petition without the assistance of counsel, the PCRA court must appoint counsel to assist the petitioner in filing an amended PCRA petition. *See Commonwealth v. Tedford*, 566 Pa. 457, 781 A.2d 1167 (2001). The indigent petitioner's right to counsel must be honored regardless of the merits of his underlying claims or the facial untimeliness of his first PCRA petition. *See Commonwealth v. Kelsey*, 206 A.3d 1135 (Pa.Super. 2019); *Commonwealth v. Perez*, 799 A.2d 848 (Pa.Super. 2002). This right to counsel "exists throughout the post-conviction proceedings, including any appeal from [the] disposition of the petition for post-conviction relief." *Commonwealth v. Quail*, 729 A.2d 571, 573 (Pa.Super. 1999) (internal citations and quotation marks omitted).

---

[7] Paragraph (H) applies to death penalty cases and is inapplicable to the case *sub judice*. Pa.R.Crim.P. 904(H).

[8] Here, there is no dispute Appellant is indigent, and the PCRA court determined as much in response to our June 29, 2022, order.

In the case *sub judice*, as indicated *supra*, Appellant's *pro se* "Motion to Correct Sentence," which he filed on July 26, 2021, constituted Appellant's first PCRA petition. Accordingly, the PCRA court committed an error of law when it failed to appoint counsel to represent Appellant throughout the PCRA proceedings.

Consequently, for all of the aforementioned reasons, we vacate the PCRA court's November 15, 2021, order and remand for proceedings consistent with this decision, including the appointment of counsel to assist Appellant as it relates to his first PCRA petition, which we deem to have been filed on July 26, 2021.[9]

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/2022

---

[9] We recognize that, in response to this Court's June 29, 2022, order, the PCRA court appointed Michael J. Light, II, Esquire to assist Appellant on appeal. Upon remand, the PCRA court shall either appoint new counsel or, if appropriate, direct Attorney Light to represent Appellant during the PCRA proceedings below. In any event, PCRA counsel may seek to withdraw, if appropriate, in accordance with **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*), as well as its progeny.