J-S06021-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LACIONE ROBINSON | : | |
| | : | |
| Appellant | : | No. 1378 EDA 2023 |

Appeal from the PCRA Order Entered May 1, 2023
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0000256-2015,
CP-39-CR-0003729-2018

BEFORE: DUBOW, J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY McLAUGHLIN, J.:         **FILED JUNE 11, 2024**

LaCione Robinson appeals *pro se* from the order dismissing his Petition for Writ of *Habeas Corpus*. Insofar as the petition related to docket number CP-39-CR-0000256-2015 ("the counterfeit case"), the court should have treated it as a first Post Conviction Collateral Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. We therefore vacate and remand for the appointment of counsel in the counterfeit case. We affirm the order as it pertains to docket number CP-39-CR-0003729-2018 ("the firearms case").

The first docket, the counterfeit case, originated in 2015, after Robinson used counterfeit $100 bills to pay for drinks at the Red Barn Bar & Grill in Allentown. The owner of the bar recognized that the bills were counterfeit and chased Robinson out of the bar. During the pursuit, Robinson threatened to shoot him. Police officers apprehended Robinson, who resisted arrest. A jury

convicted Robinson of forgery, terroristic threats, simple assault, resisting arrest, and disorderly conduct. The trial court convicted Robinson of the summary offense of public drunkenness. It sentenced him to serve an aggregate of 19 to 28 months' incarceration followed by one year of probation. Following post-sentence motions, the court modified the sentence to an aggregate term of 16 to 32 months' incarceration followed by one year of probation. **See** PCRA Court Opinion, filed 7/5/23, at 2-3. We affirmed the judgment of sentence. **See Commonwealth v. Robinson**, No. 2976 EDA 2015, 2016 WL 6576860 (Pa.Super. 2016) (unpublished memorandum).

The second docket, the firearms case, arose in August 2018. At that time, Robinson was on parole for a 2011 conviction for possession with intent to deliver ("PWID"). Parole agents searched his residence and discovered a firearm. Following a bench trial, the court convicted Robinson of persons not to possess a firearm. It sentenced him in June 2019 to five to 10 years' incarceration. **See** PCRA Ct. Op. at 4. We affirmed. **See Commonwealth v. Robinson**, No. 1986 EDA 2019, 2020 WL 5549577 (Pa.Super. 2020) (unpublished memorandum). Robinson filed a petition for allowance of appeal to the Supreme Court of Pennsylvania but withdrew it on March 16, 2021.[1]

_____

[1] While the appeal was pending, in November 2020, Robinson filed a *pro se* motion for immediate release at both dockets. The court denied the motion without appointing counsel.

Robinson filed a first PCRA petition in April 2021. The caption referenced only the docket number for the firearms case. The court appointed PCRA counsel for the firearms case.

Shortly thereafter, in May 2021, Robinson filed a *pro se* Motion to Correct Illegal Sentence. The caption included both docket numbers. Robinson alleged that his sentence in the firearms case was illegal because the search of his residence in 2018 was illegal. He maintained that at the time of the search, he was not on probation or parole.

PCRA counsel filed a motion to withdraw and a **Turner/Finley** letter.[2] Following a hearing, the court granted the motion to withdraw and issued Rule 907 notice of its intent to dismiss the petition. Robinson submitted multiple *pro se* responses to the Rule 907 notice, and the court dismissed the PCRA petition, in an order filed in the firearms case, in September 2021. Robinson did not appeal.

In a separate order, the court denied Robinson's *pro se* Motion to Correct Illegal Sentence, which he had filed at both dockets. The court explained that although Robinson's sentence for which he was on parole had expired at the time of the search, Robinson had begun serving a probation sentence in another case. **See** Order, 8/6/21, at 1-2 n.1. The court entered the order only on the docket of the firearms case.

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

Robinson filed the instant Petition for Writ of *Habeas Corpus* in March 2023. The petition's caption included both docket numbers. Robinson asserted the Department of Corrections ("DOC") had miscalculated his aggregated sentence, which resulted in an illegal search of his residence and his convictions at the firearms case.

The court treated the filing as a PCRA petition, concluded that it was untimely, and issued Rule 907 notice of its intent to dismiss the Petition without a hearing. After considering Robinson's response to the Rule 907 notice, the court dismissed the Petition as untimely. The court also found that even if the Petition had been timely, Robinsons claims had either been previously litigated or had been waived by his failure to raise them during direct review or during his first, counseled PCRA proceeding. **See** PCRA Ct. Op. at 8 n.2. Robinson appealed.[3]

Robinson raises the following issues:

1. Did the Department of Corrections['] unlawful alterations of [Robinson]'s judicially imposed sentence for case [CR]-265-2015

---

[3] Robinson filed a single notice of appeal listing both docket numbers, in contravention of Pa.R.A.P. 341(a) and **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (requiring separate notices of appeal for each trial court docket number). However, as the PCRA court entered a single order dismissing the petition at both docket numbers and advising Robinson of his right to "file **an** appeal to the Superior Court of Pennsylvania," we will overlook the defect. Order, 5/1/23, at 1 (emphasis added); **see Commonwealth v. Larkin**, 235 A.3d 350, 353-54 (Pa.Super. 2020) (*en banc*) (declining to quash where PCRA court misadvised petitioner that he can pursue appellate review by filing single notice of appeal, even though final order disposed of petitions at multiple docket numbers).

lead to [Robinson] getting unlawfully arrested, criminally charged, convicted, and or falsely imprisoned for case [CR]-3729-2018?

2. Did the Allentown state parole agents['] warrantless search lead to [Robinson] getting unlawfully arrested, criminally charged, convicted, and or falsely imprisoned for case [CR]-3729-2018?

3. Did the Court of Common Pleas of Lehigh County err in convicting [Robinson] for constructively possessing a firearm?

4. Was the ineffectiveness from [Robinson]'s public defender a hindrance to a proper defense and or [Robinson]'s liberty interests protected by the Sixth Amendment to the U.S[.] Constitution?

5. Was [the] trial judge['s] . . . abuse of authority a hindrance to [Robinson]'s pursuits for lawful relief and due process of [l]aw?

6. Was the C[ommonwealth's] prosecution lawful?

7. Is a Writ of Habeas Corpus petition a proper vehicle into getting lawful relief in the Superior Court of Pennsylvania for [Robinson]'s illegal conviction, sentence, and false imprisonment claims?

8. Should the lower [c]ourt's denial for timeliness assure that [Robinson] stays falsely imprisoned by the government?

9. D[o l]aw and certified records support [Robinson]'s claims and or [give Robinson a] clear and undisputable right to [the] lawful relief [he is] seeking?

Robinson's Br. at iv.

On appeal from the denial of PCRA relief, we determine whether the PCRA court's order "is supported by the evidence of record and is free of legal error." ***Commonwealth v. Midgley***, 289 A.3d 1111, 1118 (Pa.Super. 2023) (citation omitted). We will not disturb its findings unless they lack support in the certified record. ***Id.***

Preliminarily, we find the court did not err in construing the Petition for *Habeas Corpus* as a filing subject to the PCRA. "Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised

- 5 -

in a *habeas corpus* petition." **Commonwealth v. Hagan**, 306 A.3d 414, 421(Pa.Super. 2023) (citation omitted). "Regardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA." **Id.**

Here, Robinson's challenges go to his convictions on the firearms case and the legality of his sentence in that case. As these claims are cognizable under the PCRA, the court properly treated his Petition as a PCRA petition. **See** 42 Pa.C.S.A. § 9543(b).[4]

We also conclude the court did not err in determining that it lacked jurisdiction to address the Petition insofar as it related to the firearms case. "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1)." **Commonwealth v. Anderson**, 234 A.3d 735, 737 (Pa.Super. 2020). This requirement is jurisdictional. **Id.** The only exceptions are where:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

_____

[4] We note that where a petitioner seeks to compel the DOC to carry out a sentence imposed, he must file an original action in the Commonwealth Court. **See Commonwealth v. Heredia**, 97 A.3d 392, 394-95, 395 n.4 (Pa.Super. 2014); **accord Commonwealth v. Wyatt**, 115 A.3d 876, 879-80 (Pa.Super. 2015). Here, however, Robinson claims the DOC erred in calculating a separate sentence and, in the PCRA petition, challenges the legality of his sentence in the firearms case.

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Here, on the firearms case, Robinson's judgment of sentence became final in March 2021, when he withdrew his petition for allowance of appeal to the Supreme Court of Pennsylvania. *See id.* at § 9545(b)(3). He filed his instant petition in March 2023, which was roughly two years later and one year past the deadline. Robinson did not assert any of the timeliness exceptions, and we do not see how any are applicable here. We therefore affirm the order denying Robinson's Petition for *Habeas Corpus*, as it relates to the firearms case, as an untimely PCRA petition.[5]

However, we reach a different conclusion regarding the counterfeit case. The Rules of Criminal Procedure provide that the court must appoint counsel on a first PCRA petition. *See* Pa.R.Crim.P. 904(C). This is regardless of whether the claims appear to have merit or if the petition appears to be timely. *Commonwealth v. Kelsey*, 206 A.3d 1135, 1140 (Pa.Super. 2019); *Commonwealth v. Ramos*, 14 A.3d 894, 895 (Pa.Super. 2011). "[W]here

---

[5] In any event, as the PCRA court found, these claims appear to have been previously litigated or waived.

- 7 -

an appellant files his first PCRA Petition without the assistance of counsel, the appellant shall be permitted to file an amended PCRA Petition with the assistance of counsel." **Commonwealth v. Tedford**, 781 A.2d 1167, 1170 (Pa. 2001).

Here, Robinson has never been appointed PCRA counsel at the counterfeit case docket. The court has not entered an order on that docket ruling on the Motion to Correct Illegal Sentence, even though the Motion was captioned with the counterfeit case's docket number. Nor did the court appoint counsel for Robinson in connection with the instant Petition for *Habeas Corpus*, which, like the Motion to Correct Illegal Sentence, was filed at both dockets. Therefore, to the extent the order under appeal can be construed as denying relief in the counterfeit case, we vacate and remand for the PCRA court to determine whether to appoint PCRA counsel in the counterfeit case.[6]

Order affirmed in part and vacated in part. Case remanded with instructions. Jurisdiction relinquished.

_____

[6] Remand for appointment of counsel is not necessary where a petitioner has served his sentence, as this makes him ineligible for relief. **See** 42 Pa.C.S.A. § 9543(a)(1)(i); **Commonwealth v. Hart**, 911 A.2d 939, 942 (Pa.Super. 2006). Here, neither the parties nor the PCRA court addressed whether Robinson is still serving a sentence on the counterfeit case, and it is unclear from the certified record whether Robinson is currently serving a sentence in the counterfeit case.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>6/11/2024</u>